33972.   COOK *et al. v.* ENGLISH.

DECIDED MARCH 21, 1952.

*Smith & Undercofler,* for plaintiffs.

*Claude N. Morris,* for defendants.

GARDNER, P. J. The petition was brought under the Code of 1933 and the provisions of the act of 1943 (Ga. L. 1943, p. 260), changing the law relative to the procedure as to change of name by persons petitioning the court therefor as set forth in Code (Ann. Supp.) § 79-501, and Code § 79-502. The law as it now stands provides that "Any person desirous of changing his or her name and the names of his or her children" may present a verified petition to the superior court of the county of his or her residence, "setting forth fully and particularly the reason why such change is asked," which shall be properly docketed, and "shall be acted on by the presiding judge any time at or after the second term following its filing." Said statute also provides for the publication of notice and sets out the contents thereof, including the right of any interested or affected party to appear therein and file objections to the granting of the petition; and, if no such objection is so filed, the court shall proceed to hear and determine all matters raised by the petition, and to render final judgment or decree thereupon. Upon the filing of this petition here and publication of notice, there were interposed, within the proper time, written and verified objections to the granting of the prayers of the petition, the same being made by Mrs. W. M. English, setting forth that the petitioner was a minor 16 years of age, that the objector was her legally appointed guardian; and that the objector had not given her consent to the filing of the petition, but was opposed thereto. The guardian also set up that, by virtue of her appointment—the petitioner

being a child—under Code § 79-501 she alone as guardian had authority to petition for the change of her granddaughter's name. The objector prayed that the petition be denied. The court dismissed the petition on the ground that it appeared that "Mrs. W. M. English was the legal guardian of petitioner at the time of the filing of the petition."

It is urged by the objecting guardian that the action of the court in dismissing the petition was correct, in that a minor acting on her own initiative is without authority to commence proceedings in the superior court, seeking to change her name, and such action is void. The question presented is whether a petition, seeking to change a name, brought by a minor, 16 years of age, in her own name, which was later amended to add a person sui juris as next friend, is legally instituted and proceeding properly, where, at the time it was filed, the minor petitioning had a legal guardian.

Code § 3-115 provides that legal proceedings commenced by an infant alone "shall not be void," although defective in wanting a guardian or next friend, and that the same may be amended. The petition may be amended to proceed in the name of a person sui juris as next friend. *Levy* v. *McPhail*, 33 *Ga. App.* 784 (127 S. E. 793).

We are of the opinion that the petition of the minor, while improperly brought by her, was not subject to dismissal where at the time the same had been amended so as to proceed by next friend, such next friend not being the minor's guardian, even though when the petition was filed the minor had a legal guardian. See *Pardue Medicine Co.* v. *Pardue*, 194 *Ga.* 516 (4) (22 S. E. 2d, 143).

It follows that the court erred in dismissing the petition on the ground that, at the time the petition was filed by the minor, who was 16 years old, she had a legal guardian. It was proper for the court to allow the amendment permitting this petition, with the issue formed by the objections interposed thereto by the guardian, to proceed in the name of the petitioner by next friend. The court should not have dismissed this petition, but should have proceeded to act upon the issue formed by such objections.

The court did not pass upon whether or not this minor is

entitled to have her name changed as she asks, but dismissed the petition without determining the merits of this proceeding, and erred in so dismissing the petition.

*Judgment reversed.* *Townsend and Carlisle, JJ., concur.*