### Baynes v. Cowart et al.

Almand, Justice. Where the mother of a child, to whom custody has been awarded by a divorce decree, dies, the prima facie right of custody automatically inures to the father. *Chapin* v. *Cummings,* 191 *Ga.* 408, 412 (12 S. E. 2d, 312); *Girtman* v. *Girtman,* 191 *Ga.* 173, 181 (11 S. E. 2d, 782); *Hill* v. *Rivers,* 200 *Ga.* 354, 357 (37 S. E. 2d, 386); *Raily* v. *Smith,* 202 *Ga.* 185 (42 S. E. 2d, 491). In such circumstances the father's right to custody can be lost only by one of the grounds provided under Code §§ 74-108, 74-109, or 74-110; and, unless so lost, the discretion reposed in the trial judge under Code § 50-121 does not apply. *Bond* v. *Norwood,* 195 *Ga.* 383 (24 S. E. 2d, 289); *Morris* v. *Grant,* 196 *Ga.* 692 (27 S. E. 2d, 295). Accordingly, in a habeas corpus proceeding between the father and the maternal grandparents of the child, where there was no evidence that the father had lost parental control, it was error for the trial judge to award the custody of the child to the maternal grandparents.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents.*

No. 17937. Submitted July 14, 1952—Decided October 15, 1952.

*W. B. Greene,* for plaintiff in error.

*Ingram & Tull,* contra.