19682. BRIDGMAN *v.* ELDERS *et al.*

WYATT, Presiding Justice. Foy F. Bridgman filed a habeas corpus proceeding against Tennyson Elders for the custody and control of Barbara Jean Bridgman, who is now thirteen years of age and who is the daughter of Foy F. Bridgman. The record discloses that, in April, 1950, the wife of the plaintiff in error, Lois Vaughn Bridgman, obtained a divorce from him, in which proceeding custody of the child in question was awarded to the mother; that, a few months thereafter and during the same year, the plaintiff in error filed a habeas corpus proceeding against his former wife for custody of the child in question. In that proceeding, the custody of the child was awarded to Mr. and Mrs. Talmadge Vaughn, who were the parents of the child's mother. Thereafter, the mother of the child married the defendant in error, Tennyson Elders. Mrs. Talmadge Vaughn died in December, 1950, and Talmadge Vaughn died in May, 1951. Thereafter, the child lived with the defendant in error and his wife, the mother of the child, until the mother died a short time before this proceeding was filed. The child has remained in the custody of the defendant in error until this habeas corpus proceeding was brought. The trial judge in the present proceedings awarded the custody of the child to Mrs. H. H. Elders, the mother of the defendant in error. The exception here is to that judgment. *Held:*

1. "Where the mother of a child, to whom custody has been awarded, by a divorce decree, dies, the prima facie right of custody automatically inures to the father." *Baynes* v. *Cow-*

*art,* 209 *Ga.* 376 (72 S. E. 2d 716). This rule of law, of course, applies where custody has been awarded to a third person in a habeas corpus proceeding instituted by the father and the third person dies, the mother of the child having since died. When this happens, the father's right to custody can be lost only under one of the grounds provided by Code § 74-108. One of these grounds is as follows: " 3. Failure of the father to provide necessaries for his child, or his abandonment of his family." The plaintiff in error on this question testified as follows: "After this was done, my former wife forbid me to visit the home and, therefore, I did not go to Mr. Vaughn's home to see the child, but I did provide some money for her. At one time, I gave Mr. Vaughn $45 and at another time $25. I later gave my former wife $15 and also paid $25 to Dr. Hames for treating the child; all of these payments were made before Mr. Vaughn's death. This is all the amounts that I can now remember paying for the support of the child and I made no record of them." This evidence discloses that the father of this child over a period of between six and seven years contributed only $110 towards the support of this child, and that, since May, 1951, the date of the death of Talmadge Vaughn, he has contributed nothing to the support of the child. He offers no legal excuse for his failure to do so. Under these circumstances, the trial judge was authorized to find that the father had lost his right to custody by his failure to provide necessaries for the child. See *McLain* v. *Smith,* 207 *Ga.* 641 (63 S. E. 2d 663) ; *Proctor* v. *Proctor,* 164 *Ga.* 721 (139 S. E. 531). The cases cited by the plaintiff in error all differ on their facts from the instant case. In those cases, the father had either offered some legal excuse for his failure to support his child or had shown that he had provided all that his financial ability made possible. In this case, no such showing was made by the plaintiff in error.

2. Under the circumstances of this case, the trial judge was authorized to award custody of this child to a third person who was not a party to the habeas corpus proceeding. See Code § 50-121. It follows, the judgment under review was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

Submitted April 9, 1957—Decided May 14, 1957.

*J. T. Grice,* for plaintiff in error.
*B. D. Dubberly,* contra.