23096. HOLLAND v. HOLLAND (now STRAYHORN).

Submitted September 14, 1965—Decided October 7, 1965.

*C. Winfred Smith*, for plaintiff in error.
*Stewart, Sartain & Carey, C. D. Stewart*, contra.

Cook, Justice. A. C. Holland excepts to a judgment finding him in contempt of court for failure to pay monthly installments of alimony to his former wife, Agnes F. Holland (now Strayhorn) since her remarriage.

After the filing of an action by Agnes F. Holland against A. C. Holland for divorce, alimony, and custody of their two minor children, the parties entered into an agreement "to settle all questions of custody, alimony, and division of property," and this agreement was made the judgment of the court, without modification or revision, at the time the divorce was granted.

The agreement provides that permanent custody of the two minor children shall be in the mother, with visitation rights in the father. The alimony provision is as follows: "The said A. C. Holland shall pay to Agnes F. Holland the sum of $10.00 per child per week and $10.00 per week for Agnes F. Holland, being a total of $30.00 per week, the first payment shall be due and pay-

able on Saturday, May 9, 1964, and a like sum on each Saturday thereafter until the youngest child becomes 21 years of age, self supporting or marries at which time the $10.00 per week per child shall cease and terminate."

The agreement provides further that: A. C. Holland shall pay all medical expense for Agnes F. Holland and the two minor children "until the youngest child becomes 21 years of age, at which time this medical expense liability shall cease and terminate." Agnes F. Holland and the two minor children shall have the use of the family dwelling and 36 acres of described land for four years from January 1, 1965, during which time A. C. Holland shall keep all buildings in repair, and pay all taxes and insurance premiums on the property. A. C. Holland shall have the right to use all chicken houses and other buildings on the 36 acres for seven years from January 1, 1965, and shall be liable for all expenses incident to using the property. He shall convey this property to Agnes F. Holland four years after January 1, 1965. The parties retain title to their respective cattle. The title to household goods and furniture shall remain in Agnes F. Holland. The title to 55 acres of described land, and to all farm machinery, tools, and equipment, shall remain in A. C. Holland. A. C. Holland shall provide an automobile to Agnes F. Holland, the cost not to exceed $500. A. C. Holland shall not change the beneficiary of any life insurance policies now in effect. He shall list the two minor children as dependents for tax purposes for the years 1964 through 1968, and Agnes F. Holland shall thereafter list them as dependents for tax purposes.

There is no statutory law in Georgia providing that periodic payments of permanent alimony shall terminate on the remarriage of the wife. In *White v. Murden,* 190 Ga. 536 (9 SE2d 745), with two Justices dissenting, this court held: "An allowance of money in a decree for divorce and alimony, made purely for the use of the wife and payable in monthly installments, ceases upon her remarriage." In the unanimous decision in *Brown v. Farkas,* 195 Ga. 653 (25 SE2d 411), this court declined to follow *White v. Murden,* supra. In the unanimous decision in *Allen v. Withrow,* 215 Ga. 388 (110 SE2d 663), at page 390, it was stated that the above quoted ruling from *White v. Murden,* supra, "is in conflict with both our statutory law and the decisions of

this court." In *Hinton v. Belew*, 220 Ga. 189 (1) (137 SE2d 650), it was held: "The court did not err in its ruling that the re-marriage of the plaintiff did not terminate the payments of permanent alimony by the defendant." See also *Davis v. Welch*, 220 Ga. 515 (140 SE2d 199).

Counsel for the plaintiff in error seeks to distinguish the cases holding that remarriage of the wife did not terminate the periodic payments of alimony on the basis that the payments in those cases had a termination date, or were installment payments on a definite sum. In *Allen v. Withrow*, 215 Ga. 388, supra, at page 390, it was held: "In the present case, the parties having entered into a valid contract, which might have provided that it was to terminate upon the remarriage of the wife, but which did not so provide, and the contract having been made the judgment of the court, and it appearing that the court had jurisdiction of both the parties and the subject matter, the judgment is binding and enforceable until modified (see Ga. L. 1955, p. 630; *Code Ann.* § 30-220), vacated, or set aside." In *Brown v. Farkas*, 195 Ga. 653 (2), supra, it was held: "Where such a contract was entered into for the purpose of settling the question of alimony, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties. *Code* § 20-702."

The parties in the present case by their agreement appear to have made a careful and comprehensive disposition of child custody and property settlement matters necessary to effectuate the dissolution of their marriage. Specific dates are designated for the performance of various terms of the agreement. The termination date for the payment of medical expense for Agnes F. Holland and the two minor children is the date the youngest child becomes 21 years of age, and the payments for support of the minor children terminate when "the youngest child becomes 21 years of age, self-supporting or marries." No termination date is given for the payment of the $10 per week for the support of Agnes F. Holland. The agreement recites that it is made at a time when Agnes F. Holland has filed an action for divorce. It must be assumed that the parties knew that if such a divorce should be granted, Agnes F. Holland might remarry. If they intended that any of the terms of the agreement should terminate

on her remarriage, they should have expressly so stated in the contract.

The trial judge did not err in holding A. C. Holland in contempt of court for failure to pay the alimony due under the contract of the parties which had been made the judgment of the court in the divorce action.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*