42269.   CONTINENTAL CASUALTY COMPANY v. STEPHENSON.

SUBMITTED SEPTEMBER 7, 1966—DECIDED NOVEMBER 2, 1966.

*McCamy, Minor, Vining & Phillips, R. L. Vining, Jr.,* for appellant.

*Frank M. Gleason,* for appellee.

JORDAN, Judge. ■ It is contended in the motion to dismiss that the notice of appeal fails to comply with the Appellate Practice Act of 1965, as amended on March 15, 1966 (Ga. L. 1966, p. 493), in that it fails to specify that the transcript of the evidence and proceedings is to be transmitted on appeal (Sec. 2, p. 495), that the clerk of the trial court failed to transmit the record within 5 days after the transcript of the evidence had been filed in his office (Sec. 5, p. 497), and that the issue of the sufficiency of the evidence cannot be raised on appeal without a motion for new trial. Section 1 of the Act (p. 494) eliminates the necessity of a motion for new trial and Sec. 10 (p. 500) prohibits dismissal except for reasons not here applicable. The clear intent of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18) as amended (Ga. L. 1965, p. 240; Ga. L. 1966, p. 493) is to simplify procedures and avoid dismissal on appeal on account of technical deficiencies, and this court has before it the necessary record to determine the issues raised on appeal. The motion to dismiss is without merit.

■ The insurer contends that the trial judge erred in refusing to direct a verdict because the evidence shows that the insured received 24 consecutive payments under the non-confinement provisions of the insuring agreement, and that following this period the insured did not resume employment for at least 6 months as required by the policy, and therefore was not entitled to further benefits under the policy. This contention is irrelevant to the issue. The insured became disabled in 1960, and began receiving payments for disability after the required 180-day waiting period. Irrespective of whether the insured received payments at that time for confining or non-confining disability, the stipulation in open court limited the issue to whether the insured was confined to his house within the terms of the policy by reason of his disability for a period commencing on January 8, 1964. The house-confining provision of the policy requires that the disabled insured be "necessarily confined within the house" except for visits "at the direction of his doctor, to or from a hospital or doctor's office for necessary treatment." The insurer produced no evidence at the trial, and the insured and his wife testified to the effect that he never left the house except for visits for medical treatment, although both admitted stops to or from the house to buy medicine, groceries, or feed, and to talk to a lawyer. When these stops were made for purchases the insured remained in the car. On the one occasion they stopped at a cattle auction, the insured talked about his condition to a doctor who was present at the auction. The insured family physician testified unequivocally that the insured, in his opinion, was not physically able to leave his house to go about any business of any description. The described stops on the way to and from visits to a doctor or hospital do not constitute evidence which would warrant withdrawal of the case from the jury and direction of a verdict for the insurer. On the contrary, there was ample evidence to warrant the conclusion reached by the jury.

■ The insurer contends that the trial judge erred in refusing to direct a verdict as to statutory damages and attorney fees on account of bad faith. It appears without contradiction that the insurance company made a series of monthly payments in

recognition of a house-confining disability. At the trial of the case there was simply no evidence from which the jury could conclude that the insured's condition was any different from what it was during the time of recognition, or that the recognition had been in error. On that basis, a verdict for the insured was demanded and, having failed to present any defense at the trial by which fact issues arose, the jury was authorized to find that the defense was in bad faith. The testimony of the attorney for the insured and another attorney clearly support an award for the reasonable value of attorney's fees.

■ The evidence as a whole supports the verdict. This case is distinguishable on its facts from *United Ins. Co. of America v. Murray,* 113 Ga. App. 138 (147 SE2d 656). In that case, involving similar but somewhat more stringent provisions of an insurance policy, the evidence demonstrated that the insured was able to and did leave the house to attend to business matters, that he did much of his own driving, and was usually alone and unassisted. In the present case it was admitted that the plaintiff was permanently and totally disabled. The real issue was whether the disabled insured was house-confined, and the evidence shows that he was house-confined and virtually unable to leave the house without assistance, and left the house only for medical treatment, accompanied by his wife, that his wife did the driving, and that stops to and from visits to the doctor were only coincidental primarily for the convenience of his wife, and that he almost without exception remained in the car on such occasion.

As the evidence amply supports the verdict for the plaintiff both as to the main issue and the award of penalty and attorney's fees, the trial court did not err in refusing to grant defendant's motion for a directed verdict.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*