42286.   UNDERCOFLER, Commissioner v.
FOOTE & DAVIES, INC.

ARGUED SEPTEMBER 9, 1966—DECIDED JANUARY 20, 1967—
REHEARING DENIED MARCH 3, 1967—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr.,
Alfred L. Evans, Assistant Attorneys General,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harold
E. Abrams, Emmet J. Bondurant,* for appellee.

FRANKUM, Judge. Foote & Davies, Inc. sued the State Revenue Commissioner to recover sales and use taxes paid under protest to the defendant. Pursuant to an agreement of the parties the case was tried before a judge of the superior court on a stipulation of facts, and the sole question presented by this appeal is whether his finding and judgment in favor of the plaintiff was authorized. Insofar as material to the question presented, the facts stipulated showed: Plaintiff was engaged in business as a commercial printer, and in the course of such business purchased lithoplates and materials for the production of lithoplates from various suppliers. During the period covered by defendant's assessment plaintiff had furnished such suppliers a valid certificate of exemption with respect to such purchases. The lithoplates involved were prepared from copy furnished to the plaintiff by plaintiff's customers, and in every instance when prepared were of use only in connection with the printing or lithographing of the particular order of the customer or in the printing or lithographing of subsequent re-orders thereof by the customer. Since lithoplates are re-usable only if preserved by a special chemical process and storage facilities, plaintiff maintained such storage facilities, and in most instances after the completion of a printing or lithographing job, retained the lithoplates so used, storing them as a service for its customers. Generally, plaintiff retained such lithoplates for a period of 6 months, but if requested by its customers to do so, would store them for a longer period, and upon request of

its customers would deliver the lithoplates to the customer upon the completion of the printing or lithographing job. In its billing to its customers no separate amount was shown as the price of the lithoplates, but each printing order was billed in one lump sum which reflected the cost of the lithoplates used, all other costs, overhead, etc., and plaintiff's profit on the job. If the customer subsequently re-ordered, no charge was made for the lithoplates, provided the re-order was given within the period in which plaintiff customarily stored the lithoplates or within the period for which the customer had previously requested plaintiff to retain them, and in those situations where plaintiff had for some reason failed to properly preserve a lithoplate for a customer during such periods of storage, plaintiff made new lithoplates for use in the preparation of such re-orders without charge to its customers. During the period in issue plaintiff collected and remitted the sales and use tax (unless exempted by law) upon the total selling price of every printing order sold to its customers.

The Revenue Commissioner contends in this appeal that the conclusion of the trial judge that the plaintiff was entitled to recover from the defendant the sales and use tax assessed against the plaintiff and paid under protest by the plaintiff on its purchase of lithoplates and materials for the production of lithoplates was unauthorized by law because the facts stipulated did not authorize the conclusion that such purchases were purchases for resale. The thrust of the Revenue Commissioner's contention is that, even though the stipulated facts show that the *plaintiff* delivered the lithoplates to its customers upon request and in every way treated them as the property of its customers when it retained them, it cannot be said that the customers purchased such lithoplates in ordering the printing jobs in the absence of a showing that the customers knew and assented to the purchase of such lithoplates and intended to purchase them at the time they placed their orders for printing. See former *Code* § 96-101 (applicable here since the transactions in question were all prior to the effective date of the Uniform Commercial Code, January 1, 1964). The trial judge in rendering his decision and judgment on stipulated facts per-

forms the duties of the jury as well as those of the court and is authorized to draw all reasonable inferences arising from the facts stipulated. *Savannah Chemical Co. v. Bragg & Son,* 14 Ga. App. 371, 374 (4) (80 SE 858); *Smith v. General Motors Acceptance Corp.,* 98 Ga. App. 840, 842 (107 SE2d 334). The stipulation here is in fact completely silent as to whether the plaintiff's customers knew or understood that, upon ordering a printing job from the plaintiff, they were at the same time agreeing to purchase from the plaintiff such lithoplates as it might be necessary for the plaintiff to use in the preparation of the printing so ordered. However, the facts stipulated to the effect that the plaintiff stored the lithoplates for a period of 6 months "unless otherwise instructed by the customer" and that it "turned over possession of lithoplates to customers when it [had] been requested to do so," were sufficient to authorize the trial judge *to infer* that the plaintiff's customers knew that the lithoplates were theirs and that they could have possession of them at any time. The ruling of this court in *Superior Type, Inc. v. Williams,* 98 Ga. App. 89 (2) (105 SE2d 14), is directly applicable to the facts in this case, and the trial judge did not err in rendering judgment for the plaintiff for the amount of the tax paid, together with interest thereon.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*