## 42416. RHONEHOUSE v. JETSPRA, INC.

PANNELL, Judge. 1. *Code* § 110-404 as amended by Item 21 of the Act of 1946 (Ga. L. 1946, pp. 761, 778) relates solely to the opening of defaults and is not applicable where final judgment has been rendered before the motion to open default and vacate the judgment was filed. *Burger v. Dobbs,* 87 Ga. App. 88 (73 SE2d 75); *Mathews & Co. v. Bishop,* 106 Ga. 564 (1) (32 SE 631); *O'Connell Bros. v. Friedman, Keiler & Co.,* 118 Ga. 831 (45 SE 668).

2. Neither the statute nor rules of court which prescribe the conditions upon which a defendant may, as a matter of right, open a default, nor that which clothes the court with discretion to permit a defendant who has been adjudged in default to plead, deprives the judge of the inherent power, in the exercise of a sound discretion, to revoke, modify or change a judgment during a term at which it is rendered (see *East Side Lumber & Coal Co. v. Barfield,* 193 Ga. 273, 276 (1) (18 SE2d 492)), and such setting aside or vacating of a judgment may be done on his own motion.

3. Where the Act creating the court provides that all defenses

shall be filed before or on the first day of the term, the judge has no authority to permit defenses to be filed at a later date, but this does not prevent the judge from vacating the judgment during the term, yet where no defense is filed within the time required, the judgment will not be vacated, even during the same term, where no good reason is shown for failure to file defense within the time required (*Florida Central R. Co. v. Luke*, 11 Ga. App. 290 (75 SE 270) ; *Heitmann v. Commercial Bank of Savannah*, 6 Ga. App. 584 (10) (65 SE 590)) and the judge may, in his discretion and upon proper showing during the term, set aside either the judgment of default or a final judgment entered thereon. *Cooley v. Tybee Beach Co.*, 99 Ga. 290 (25 SE 691).

4. Where, in the Civil Court of Fulton County, a defendant is required to answer on the first Monday of a term, here the first Monday in May (May 2), 1966, and fails to do so, the case is in default and judgment may be entered the following day as was done in this case. Section 46 of the Act of 1913 (Ga. L. 1913, pp. 145, 171) as amended by Section 3 of the Act of 1918 (Ga. L. 1918, pp. 348, 351).

5. Where the defendant thereafter on May 30, 1966, by ex parte oral motion secured an order from the trial judge reciting "[i]n the above and foregoing matter it having been made to appear that the defensive pleadings were not filed within the time prescribed by law due to the illness of the defendant's attorney, . . [i]t is hereby ordered, adjudged and agreed that the default judgment in said case be and the same is hereby vacated and the defendant is granted thirty (30) days in which time to file defensive pleadings," and while the mere illness of defendant's attorney might not be sufficient to authorize the exercise of the trial judge's discretion (*Blanch v. King*, 202 Ga. 779 (44 SE2d 779)), yet where it further appears at a hearing had on a motion to set aside the order of May 30, 1966, the trial judge entered an order reciting that "after hearing argument of counsel *and considering the facts and circumstances of the case* including [the] order dated May 30, 1966 . . . it is considered, ordered, and adjudged that the plaintiff's motion to set aside opening default be and the same is hereby denied and overruled," and as there appears to be no transcript or stipulation of the evidence adduced at said hearing, we must presume that the facts and circumstances shown on

the latter motion were sufficient to meet the requirements set forth in *Blanch v. King,* supra, and cases cited therein. Our construction is that the motion, and order, were to set aside the final judgment under the record in this case. Accordingly, the judgment must be affirmed.

*Judgment affirmed. Felton, C. J., and Frankum, P. J., concur.*

ARGUED NOVEMBER 8, 1966—DECIDED FEBRUARY 2, 1967.

*Lipshutz, Macey, Zusmann & Sikes, J. Timothy White, Robert Elsner,* for appellant.

*Siegel & Lewis, Alvin N. Siegel,* for appellee.