24323, 24324.  REID, by Guardian v. WILKERSON et al.; and vice versa.

Submitted October 9, 1967—Decided October 20, 1967—Rehearing denied November 9, 1967.

752

*Joel A. Willis, Jr., Marvin T. Morrow,* for appellant.

*Nunn, Geiger & Hunt, Willis B. Hunt, Jr., Aultman, Hulbert, Buice & Cowart, Roy N. Cowart, Donald L. Hollowell, Sell & Comer, Ed Sell,* for appellees.

NICHOLS, Justice. ■ (a) On the first appearance of the case before this court it was held that the plaintiff's petition set forth a cause of action based upon adverse possession. The amendment sought to have deeds executed since the date of the plaintiff's deed canceled as well as a deed to secure debt executed prior to the date of the plaintiff's deed. The contention of the plaintiff is that a deed to secure debt executed by the plaintiff's grantor and the plaintiff's brother contains an insufficient description, contains no valid power of sale and therefore such deed as well as the deeds based upon such deed should be canceled. The grantee in such deed to secure debt (the grantor in the deed resulting from the exercise of the power of sale) would be a proper and necessary party to the action. See *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524). However, unless the petition otherwise sets forth a cause of action to cancel such deed, an oral motion to dismiss, upon the ground that no cause of action against such party is alleged, should be sustained.

The power of sale contained in the deed to secure debt reads in part as follows: "In the event of any breach hereof by borrower's default . . . lender . . . may . . . sell the land before the courthouse door in the county where any portion is located to the highest bidder for cash after first advertising the time, terms, and place of sale, once a week for four consecutive weeks in some newspaper generally circulated in such county; and execute and deliver deed to purchaser. . ." This power of sale was sufficient (*Ward v. Watkins,* 219 Ga. 629, 631 (135 SE2d 421)), and the deed executed by such grantee showed on its face that the sale was under power and intended to pass the interest of the grantors of the deed to secure debt. The fact that it was signed by the grantee in such deed to secure debt would not invalidate it. See *Tenant v. Blacker,* 27 Ga. 418; *Payton v. McPhaul,* 128 Ga. 510 (3) (58 SE 50, 11 AC 163).

(b) Nor were the deed to secure debt and the deeds based thereon void as containing an invalid description of the property. The deed described several tracts of land by reference to other deeds and then concluded: "Above described land containing in the aggregate 186.5 acres more or less lying in one body and bounded north by Frank Statham, south Richard Prince, east Ab Stubbs, west by Dr. S. D. Smith."

In this case, unlike the case of *Oglesby v. Volunteer State Life Ins. Co.*, 195 Ga. 65 (23 SE2d 404), relied upon by the plaintiff, the grantor was not one of the owners of land abutting the land covered by the deed. Accordingly, the judgment sustaining the demurrer and dismissing the petition as to Macon Production Credit Association was not error for any reason assigned.

■ The motions for summary judgment of both the plaintiff and named defendants are based in part upon a transcript of evidence of a hearing which took place on June 28, 1965. The hearing upon the motion for summary judgment took place on April 3, 1967. A transcript of the hearing which took place on April 3, 1967, was included in the record on appeal and consists of forty-two pages of argument by counsel and includes a statement by counsel for the defendants of an intention to introduce in support of their motion for summary judgment the transcript of the earlier hearing, but at no time was such transcript tendered in evidence to support the motions for summary judgment. Thus, both motions for summary judgment are supported by the pleadings only, and as held on the first appearance of the case before this court (*Reid v. Wilkerson*, 222 Ga. 282, supra), the plaintiff's petition set forth a cause of action based upon adverse possession. The defendants' answer made a jury question as to such issue and the judgments of the trial court denying both motions for summary judgment were not error for any reason assigned.

*Judgments affirmed. All the Justices concur.*