43119. GLEATON APPLIANCE COMPANY et al. v.
BROWN-WRIGHT HOTEL SUPPLY CORPORATION.

PANNELL, Judge. 1. Where an answer of a garnishee was prematurely filed and a motion was made to dismiss the answer for this reason, and at the same time a traverse to the answer

was filed, and subsequently and during the time within which the answer could have been properly filed the garnishee amended its answer, both the original answer and the amended answer denying indebtedness, it was not necessary that the plaintiff amend the traverse to deny the allegations of the amended answer. " 'The traverse may be amplified at the option of the plaintiff, but nothing more is necessary to bring in question the liability of the garnishee to a garnishing creditor than an unqualified, though general, denial of the truth of the garnishee's answer.' *Barkley v. May*, 3 Ga. App. 101 (59 SE 440)." *Rainey v. Eatonton Co-op. Creamery, Inc.*, 69 Ga. App. 547, 550 (26 SE2d 297); *Code* § 8-505.

2. At the hearing had on the traverse to the answer of the garnishee the trial court concluded that the "garnishee did possess property of" the defendant between the date of service of the summons of garnishment (March 16, 1967) and the date of the amendment to the answer of the garnishee (April 25, 1967) and also found that the garnishee had failed to produce certain papers pursuant to a notice to produce properly filed and served on the garnishee, and thereupon entered an order striking the "garnishee's answer as being incorrect" and ordered the garnishee to ascertain the exact amount of the property of the defendant which came into its hands and within 20 days from the date of the hearing (May 22, 1967) file an answer correctly reflecting said amounts. He also ordered the garnishee within said time to produce the papers for inspection and copying by the plaintiff. The garnishee failed to comply with this order, and the court on July 24, 1967, entered judgment against the garnishee in the full amount of plaintiff's judgment against the defendant. Error is assigned on both judgments. *Held:*

There being no transcript of the proceedings before this court as to the evidence adduced on said hearing and the notice of appeal stating that "a transcript of evidence and proceedings will not be filed for inclusion on the record on appeal" this court will presume there was sufficient evidence before the trial judge to authorize his findings. *Rhonehouse v. Jetspra, Inc.*, 115 Ga. App. 129 (5) (153 SE2d 570); *Seaton v. Redisco, Inc.*, 115 Ga. App. 80 (153 SE2d 728); *Stamps Tire Co. v. Hartford Acc. &c. Co.*, 115 Ga. App. 326 (3) (154 SE2d 656).

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

Argued October 4, 1967—Decided December 5, 1967—
Rehearing denied December 20, 1967—Cert. 

*G. Hughel Harrison,* for appellants.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, S. Phillip Heiner,* for appellee.