## 25666. SHAW v. JONES, Sheriff.

NICHOLS, Justice. On November 22, 1969, James L. Shaw entered pleas of guilty of two accusations in the Civil and Criminal Court of Walker County and received fines and probated sentences on both charges. Such sentences were to run concurrently. On December 4, 1969, a petition to revoke his probation was filed and sanctioned by the trial court, and on December 9, 1969, a hearing was held and evidence adduced which resulted in the probation being revoked. Shaw was ordered to serve the balance of his sentences in the State Penitentiary or other institution as directed by the Director of the State Board of Corrections.

A petition for writ of habeas corpus was filed after Shaw was arrested for violation of the terms of the probated sentences and an amendment thereto filed after the probation was revoked. On December 16, 1969, a judgment was rendered remanding Shaw to custody and it is from this judgment that he appeals. *Held:*

1. The record does not contain a transcript of the proceedings at either the hearing to revoke the probated sentence or the hearing on the application for a writ of habeas corpus. Accordingly, it must be assumed that there was evidence before

each of the trial courts to authorize the judgments rendered, and the sole question for decision is whether the accusations on which the pleas of guilty were entered were void. As to void accusations compare *McCain v. Smith*, 221 Ga. 353 (144 SE2d 522), and citations.

2. Inasmuch as the twelve-month sentence in each case was to run concurrently with the sentence in the other case if either accusation is valid, the incarceration was not illegal.

3. The affidavit and warrant upon which the accusations were based met the requirements of specificity required by the Act of 1962 (Ga. L. 1962, p. 668; *Code Ann.* §§ 27-103.1, 27-104 and 27-105), and the accusation charging the prisoner with obstructing a law enforcement officer in the lawful discharge of his duties (*Code Ann.* § 26-2505), based upon the affidavit was not void. Accordingly, without considering whether the accusation charging the prisoner with resisting arrest was valid, the judgment of the superior court remanding the prisoner to custody must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 9, 1970—DECIDED APRIL 9, 1970—
REHEARING DENIED APRIL 23, 1970.

*Wade H. Leonard,* for appellant.
*Earl B. Self, District Attorney,* for appellee.

