## 45988. PICHULIK et al. v. SIMPSON.

EVANS, Judge. This case has been transferred to this court by the Supreme Court for review since it is not a case in equity and does not involve title to land. See *Pichulik v. Simpson,* 227 Ga. 55 (178 SE2d 860). Rubin Pichulik and Karl Dziewienski brought an action for declaratory judgment against Mrs. C. A. Simpson, seeking a declaration of the rights of the parties as to the right of the defendant Simpson to exercise the optional acceleration clause. to declare due and collectible the entire unpaid principal sum with all accrued interest of a note executed by the plaintiffs to the defendant, as transferee and holder thereof. An ex parte restraining order was issued, and the same was set down for hearing as required by the declaratory judgment statute. The plaintiffs contend in their sworn petition that the defendant had accepted a pattern of late payments by check of the monthly payments. The defendant answered under oath,

denying the material averments of the petition, and affirmatively alleging that she notified plaintiffs, in writing, that she would no longer accept late payments, but "would insist upon all instalments" to be paid on time. By way of counterclaim, she sought a money judgment for the entire indebtedness due on the note as transferree and holder thereof, contending that she had exercised the option given her in the note, and had declared the unpaid principal of said note, together with all accrued interest, now due and payable. The case came on for hearing, and based on the evidence and argument, the court dissolved the restraining order only. The appeal is from this judgment. *Held:*

1. The Appellate Practice Act of 1965 as amended (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073) under § 1 (a, 3) authorizes an immediate review from orders granting or refusing to continue a temporary restraining order. The appeal is properly before this court.

2. In reviewing judgments of the lower court this court presumes that such order or judgment is supported by every fact essential to make it valid and binding. *Code* § 38-114; *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399); *Pope v. U. S. Fidel. &c. Co.,* 193 Ga. 769 (4) (20 SE2d 13); *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 225 (156 SE2d 476); *Gooch v. Seaboard C. L. R. Co.,* 121 Ga. App. 14, 16 (172 SE2d 435). Under the above authorities one who attacks a judgment has the burden of showing error. We therefore presume that upon the failure of the appellant to bring up any evidence, the judgment is correct, requiring an affirmance. *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605); *Stamps Tire Co. v. Hartford Acc. &c. Co.,* 115 Ga. App. 326 (3) (154 SE2d 656).

3. It appears from the order that the court heard evidence. However, there is no transcript of evidence in the record. There is, however, a supplemental transcript of the record attached, approved by the trial judge and ordered up as a supplemental record, based upon the suggestion for transmittal by the appellee, as being admitted in evidence at the hearing, to wit: (a) The sworn complaint insofar as it recites facts; (b) Defendant's sworn answer, defense, and counterclaim insofar as they recite

facts; (c) The original of the promissory note (a copy of which is attached showing the payments due on the 5th of each month); (d) Affidavit of Mrs. C. A. Simpson, the defendant, that payment was not received when due; and (e) The original of an envelope addressed by the plaintiff Rubin Pichulik to the defendant, postmarked "PM-January 5, 1970." The court recites that the above were admitted in evidence on the hearing and, being material to the questions raised by the appeal, they should be transmitted to the appellate court. However, it is not shown whether or not other evidence was introduced. Plaintiff contends that a pattern of late payments was established whereby the payment could be mailed on the 2nd of the month so that it would be received by the defendant on or before the 5th of each month. Thus even under the sworn contentions of the plaintiffs, the record shows the check in question was mailed not on the second day of the month, but on the afternoon of January 5, and, obviously, it is highly problematical as to whether it was received by defendant on that same day. Based upon the supplemental transcript, which is the only evidence in the record, the court did not abuse its discretion in dissolving the restraining order and refusing to grant a stay, since there is evidence to support the judgment. Bank checks and promissory notes are not payments themselves until paid. Code § 20-1004; *Kinard v. First Nat. Bank of Sylvester,* 125 Ga. 228 (53 SE 1018, 114 ASR 201); *Rossville Fed. S. & L. Assn. v. Chase Manhattan Bank,* 223 Ga. 188 (3) (154 SE2d 243); *Ketcham v. Hines,* 29 Ga. App. 627 (116 SE 225); *Cohen's Department Store v. Siegel,* 60 Ga. App. 79 (2 SE2d 762).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
ARGUED MARCH 2, 1971—DECIDED APRIL 6, 1971.

*Howard, Howard & Hall, Pierre Howard, Sr., William V. Hall, Jr.,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, William G. Grant,* for appellee.