## 28119. EHRHART v. BROOKS et al.

UNDERCOFLER, Justice. Sandra Ehrhart filed a suit on September 11, 1972, against Mr. and Mrs. William Thomas Brooks seeking to set aside the adoption judgment of Lisa Denise Brooks entered on August 16, 1968. The complaint alleges that the purported consent to the adoption was obtained under duress, fraud and artifice; that the adoption is void ab initio because of lack of notice of the adoption proceedings as required by law; that, as a minor, the complainant could not waive notice of the adoption proceedings and her attempt to do so was a nullity; and that the adoption statute of this state was unconstitutional for stated reasons.

The defendant William Thomas Brooks moved to dismiss the complaint because it did not set out a cause of action in law or equity and that the complainant was equitably barred from enforcing her complaint because of lapse of time and laches.

The complainant and the defendant Mr. Brooks each moved for a summary judgment.

The record shows that the complainant is the daughter of Mrs. William Thomas Brooks and the stepdaughter of William Thomas Brooks. The complainant gave birth to a daughter, Lisa Denise Gregory (now Brooks) out of wedlock, on November 18, 1963, when she was almost sixteen years of age. When the child was about nine months of age, the complainant came with the child to the home of Mrs. Brooks who was living separate from her husband, Mr. Brooks. Mr. and Mrs. Brooks resumed cohabitation in April, 1965, and all four persons lived in the same home until July 2, 1967, when the complainant left the home. On July 17, 1967, when the complainant was 19 years and 7 months of age, she signed a consent for the adoption of her child by the defendants and waived service of the adoption proceedings. The adoption was granted by the DeKalb Superior Court on August 16, 1968. The complainant reached the age of majority on December 24, 1968. On September 11, 1972, the complainant filed this action to set aside the adoption judgment. The child has been in the home of the adoptive parents since she was nine months of age. The adoptive parents are now divorced and Mr. Brooks was awarded custody of the child.

At the time the consent for adoption was signed the age of majority in this state was 21 years. As to the present age of majority see Ga. L. 1972, p. 193 (Code Ann. § 74-104).

The trial court held that the statute authorizing minor parents to consent to the adoption of their child and waive further service of the adoption proceedings was constitutional as against the attacks made on it. The court granted Mr. Brooks' motion to dismiss the petition which had been treated as a motion for summary judgment.

The appeal is from this judgment. *Held:*

1. Code Ann. § 74-403 provides in part: "(1) Except as otherwise specified in the following subsections, no adoption shall be permitted except with the written consent of the living parents of a child. Said consent, when given freely, voluntarily, may not be revoked by the parents as a matter of right . . . The parental consent, when required by this section, may be given by the

natural parents or parent of the child sought to be adopted irrespective of whether such natural parent, or either or both of them, have arrived at the age of 21 years. The parental consent given by minor natural parents shall be as binding upon them as if such parents were in all respects sui juris." Ga. L. 1941, pp. 300, 301; 1957, p. 367; 1960, pp. 791, 792.

The appellant contends that this statute is unconstitutional because it denies a minor parent due process and equal protection of law in that it does not provide for the appointment of guardians ad litem for minor parents in adoption proceedings.

Adoption statutes that violate no specific constitutional requirements or restrictions have been uniformly held to be valid. 2 CJS 423, Adoption of Persons, § 5; 2 AmJur2d 863, § 4; Winter v. Director, Dept. of Welfare, 217 Md. 391 (143 A2d 81).

The power of state legislatures to provide, within constitutional limitations, for the adoption of children is no longer open to doubt. The question here involved is whether the statutory provision is unconstitutional because it permits minor natural parents to consent to the adoption of their child and provides that such consent "shall be as binding upon them as if such parents were in all respects sui juris."

"The purpose of having a guardian ad litem or next friend to represent a minor is to furnish a person sui juris to carry on the litigation for the minor's benefit." *Vickers v. Hawkins,* 128 Ga. 794, 795 (58 SE 44).

We hold that the legislature of this state could provide that the minor parents' consent for the adoption of their child "shall be as binding upon them as if such parents were in all respects sui juris" and that this statute does not deny due process and equal protection to minor parents. This contention of the appellant is without merit.

2. Code Ann. § 74-408 provides that notice of the date of final hearing on the adoption shall be served "on the party or parties whose written consent to the adoption is required under section 74-403, unless service of said petition and notice has been duly waived in writing." Ga. L. 1941, pp. 300, 302; 1966, pp. 212, 213; 1967, pp. 6, 7.

The appellant contends that this section does not refer to a waiver by minor parents and can not be extended to authorize such a waiver, because it would violate the due process and equal protection clauses of the State and Federal Constitutions and because it would violate the equal access to the courts provision

of the Georgia Constitution (Code Ann. § 2-104; Art. I, Sec. I, Par. IV).

We do not agree. This section is in pari materia with Code Ann. § 74-403 and they must be construed together. Construing the sections together, it is clear that the legislature of this state intended to authorize minor parents to consent to the adoption of their children and to act as persons sui juris in all respects in such adoption proceedings, including the waiver of notice of the final hearing.

The constitutional attack made on this section is therefore without merit.

3. The appellant contends that the appellee's motion for summary judgment should not have been granted. We do not agree.

The evidence shows that on August 16, 1968, the final order of adoption was entered; that almost immediately after the order the appellant was informed of it; that the appellant reached her majority on December 24, 1968; that she began calling her daughter, "my sister"; that the appellant filed a complaint against Mr. and Mrs. Brooks in DeKalb County Juvenile Court on November 17, 1970, alleging that both were unfit to care for the adopted child and their natural child and asked the court to place the children in a foster home; that after a hearing the children were returned to Mr. and Mrs. Brooks; that on May 25, 1972, the appellant filed an application for the writ of habeas corpus in the Fulton Superior Court seeking to bring the question of the custody of the child before the court and stating therein that Mr. and Mrs. Brooks were the adoptive parents of the child having legally adopted the child "some four years ago"; that the habeas corpus proceeding was dismissed by the applicant and that the present proceeding was filed on September 11, 1972, alleging for the first time that appellant's consent was fraudulently obtained.

The doctrine of laches not only forbids relief "to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right" (Code § 37-119), but also authorizes courts of equity to interpose "an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." Code § 3-712. *Goodwin v. First Baptist Church,* 225 Ga. 448 (1) (169 SE2d 334).

"In determining whether there has been laches, various things are to be considered, notably the duration of the delay in asserting

the claim, and the sufficiency of the excuse offered in extenuation thereof, whether during the delay the evidence of the matters in dispute has been lost or become obscure, whether plaintiff or defendant was in possession of the property in suit during the delay, whether the party charged with laches had an opportunity to have acted sooner, and whether the party charged with laches acted at the first possible opportunity. . ." *Citizens & Southern Nat. Bank v. Ellis,* 171 Ga. 717, 733 (156 SE 603). Under the facts of this case, we hold that the appellant was barred by laches from seeking to set aside the adoption proceeding and that the trial court properly granted the summary judgment in favor of the appellee.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 31, 1973 — DECIDED OCTOBER 25, 1973.

*Hugh Nations,* for appellant.
*Harold Karp, James R. Venable,* for appellees.
*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Dorothy Y. Kirkley, Assistant Attorneys General,* amicus curiae.