## 48472, 48473. TOLBERT v. TOLBERT (two cases).

Evans, Judge.

Mrs. Charlie Nixon Tolbert sued her husband, F. L. Tolbert, Jr., for divorce and alimony and for custody of their minor children, Angela and F. L. Tolbert, III. A separation agreement was made between the parties, whereby provisions were made for the husband's payment of alimony and support of his children; and with a further agreement that the names of the children would not be changed except upon the written consent of the husband and father, F. L. Tolbert, Jr. This agreement was made the judgment of the court at the time the divorce decree was entered.

Subsequently, Mrs. Tolbert married Dr. Charles Finney. The two children, by Austin E. Nixon, as next friend, brought actions to have their names changed from Tolbert to Finney, the name of their stepfather. Fred is 15 years of age, and Angela is 11 years of age. The petition alleged various reasons for desiring a change of name, including the avoiding of awkward situations brought on because their mother and stepfather and stepsisters all have the last name of Finney.

The natural father filed objections, and contended that the effort to change their names was a violation of the divorce, alimony and custody agreement and decree, which required him to support his children, with a corresponding requirement that the names of the children would not be changed without his written consent, and which agreement also gave to the natural father the right to declare said children as his dependents.

A hearing was conducted; judgment was rendered

adverse to the natural father, and he appeals.

Instead of bringing to this court the evidence which was introduced at the hearing, *a stipulation of facts for the purposes of appeal* was entered and it has been transmitted to this court. The stipulation gives the names and ages of the children, the fact of the first marriage and that the children are the issue of said marriage; the fact of divorce and alimony and custody agreement and decree, which provided the names of the children would not be changed without the written consent of the natural father; the fact of the subsequent marriage by Mrs. Tolbert to *Dr. Charles Finney,* that the children are in custody of the mother, and that there have been no violations of the divorce, alimony and custody decree; "*. . . and that decree still governs the relationship of the petitioners to their natural father, Fred L. Tolbert, Jr., and with their mother, Charlie Nixon Finney"* (emphasis supplied); and that the children by next friend had petitioned for a change of name to that of their stepfather, to which petition the natural father had filed his objections, including the objection that same was in violation of the divorce settlement agreement under which custody was awarded to the mother, and further that the name change was not in the best interest of the children. It was recited that both matters came on for hearing in chambers in Americus, Georgia, on December 28, 1972, and after hearing evidence, the court, on March 29, 1973, entered an order in the case granting the requested name change; and the natural father has filed his notice of appeal.

As the parties elected to submit this case to this court on a stipulation of facts instead of having the transcript of the evidence brought up, we are governed by the stipulation and cannot go beyond it. Said stipulation does not set forth any evidence that was introduced to support the petitioner's contention that a change of name would be in the best interest of the minor children, nor does it even contend that any such evidence was introduced. Therefore, it is not shown that a change of name would be for the best interest of the minor children.

The stipulation did show that custody was granted

to the mother, by agreement, and as a part and parcel of that agreement, she promised that no change of name of the children would be made without the father's written consent. Having thus agreed, what did she do to live up to her agreement in this respect? The record is silent as to anything whatever that Mrs. Finney did to keep her agreement. She, as the mother and custodian of the children, naturally had great influence with them. The stipulation shows that the father had lived up to the agreement and decree. Did she ever seek in any way to dissuade these young children from violating the agreement and decree? The record "sayeth not."

As these children were his dependents, in filing income tax returns, what complications would be involved when he showed his children with a name different than his? If the mother departed this life, the children would be returned to his custody (see *Bridgman v. Elders,* 213 Ga. 257 (1) (98 SE2d 547); *Baynes v. Cowart,* 209 Ga. 376 (72 SE2d 716)), but with a name other than his. What evidence did the petitioners introduce to show that despite these factors, it would still be to the best interest of the children to change their name? Absolutely none, so far as the record discloses.

The petitioner had the burden of proof. Code § 38-103. This could be carried only by the introduction of evidence. Code § 38-104. *Boyd v. Hill,* 94 Ga. App. 686, 687 (96 SE2d 222). The stipulation of facts shows no evidence was introduced to prove that a change of name would be to the best interest of the welfare of these minor children.

Ordinarily it would be presumed that the judgment of the trial court was supported by every fact essential to make it valid and binding. *Miller v. Parks,* 124 Ga. App. 4 (1) (183 SE2d 88). But here we are controlled by the stipulation, to which both parties agreed, and upon which they have submitted the case to this court.

The present case is clearly distinguishable from *Pichulik v. Simpson,* 123 Ga. App. 604 (181 SE2d 925), for in that case it was shown that evidence was introduced before the trial judge, and merely that *no transcript of same* was brought to the appellate court, and of course, the presumption favoring judgments would prevail. It is

also readily distinguishable from *Undercofler v. Foote & Davies,* 115 Ga. App. 341 (154 SE2d 454), for in that case there was a stipulation of facts before the trial judge tantamount to evidence as to the factual situation. In the cases of *Stamps Tire Co. v. Hartford Acc. &c. Co.,* 115 Ga. App. 326 (154 SE2d 656); and *Hudgins v. Pure Oil Co.,* 115 Ga. App. 543 (154 SE2d 768), there were simply no transcripts of the evidence, although it was shown that evidence was introduced in the lower court. Of course, the presumption in favor of judgments was properly applied by this court in each of these cases.

But in the instant case, there was not simply a failure to bring a transcript of the evidence to this court, but a joint stipulation was entered into in the lower court, as to the facts that were placed before the trial judge, and that stipulation absolutely fails to disclose any fact in favor of a change of name for the two minors; and the usual presumption of favor of judgments cannot be applied.

*Judgment reversed. Pannell, Quillian and Stolz, JJ., concur. Deen J., concurs specially. Hall, P. J., concurs in the judgment. Bell, C. J., Eberhardt, P. J., and Clark, J., dissent.*

Argued September 13, 1973 — Decided March 14, 1974 — Rehearing denied March 28, 1974.

*Langstaff, Campbell & Plowden, Robert B. Langstaff,* for appellant.

*Smith & Jones, William E. Smith,* for appellees.

Deen, Judge, concurring specially.

In a divorce proceeding the children are wards of the court and virtually, if not actually, in custodio legis; the parent to whom custody is granted thus serves as a kind of receiver or trustee. *Fortson v. Fortson,* 195 Ga. 750 (25 SE2d 518); *Swain v. Wells,* 210 Ga. 394, 398 (80 SE2d 321). In this case, custody was granted to the mother, whose settlement agreement, made a part of the divorce decree, stipulated that the names of the children would not be changed without the consent of the natural father. This

being so, and so long as the children remain un-emancipated minors supported by their father, the decree as to them is as dispositive of their right to name change as it is to their custody, or the amount to be furnished for their support, or any other terms and conditions of the decree affecting their status and welfare. In my opinion, even if Judge Clark's dissent be correct, the case should be reversed because a petition for name change *by these 11-and 15-year-old minors only,* and in the absence of proper and successful modification of the divorce decree, has no standing.

In any event, the burden here would be on the complainants to make a showing authorizing the court in the exercise of *sound legal* discretion (*Binford v. Reid,* 83 Ga. App. 280 (63 SE2d 345)) to grant a name change where one parent objected and the other kept silent. If this eleven-year-old could, for instance, successfully prosecute such an action in this case, she could do it in any case where any adult not in loco parentis assumed to act as next friend, even though she remained in the custody of both parents, and both objected.

Courts generally frown upon name changes of unemancipated minors where the objecting natural father supports them, and there is no substantial reason therefor other than personal preference. See cases annotated in 65 CJS 26, Names, § 11(2). The petition here alleges no other cause for seeking the name change, and this cause is not sufficient. We cannot assume that issues not raised in the record before us were in fact litigated.

EBERHARDT, Presiding Judge, dissenting.

In the court's judgment it is recited: "The matter was heard at chambers in Americus, Georgia, on the 28th day of December, 1972, and *after having heard evidence from all interested parties,*" the court finds that "it will be to the best interest and welfare of the petitioner to change her name, as prayed," and entered an order doing so.

In the stipulation of fact "entered into *for the purposes* of appeal," it is recited that "Both matters [the applications of each of the two children] came on for hearing at chambers in Americus, Georgia, on December

28, 1972 and *after hearing evidence* the court on March 29, 1973," entered the orders or judgments appealed from. *Here all parties agree that evidence was heard,* but the stipulation fails to reveal what the evidence was.

No transcript of the evidence heard at the hearing on December 28, 1972, on which the judgments were made, is brought up in either case. The stipulation "for purposes of appeal" does not recite or purport to include or to amount to a brief of the evidence heard on that date.

A stipulation is, of course, binding upon the parties as to the matters included in it. But even if it had been made prior to the hearing it would not proscribe or prevent the introduction of other or *additional* evidence at the hearing so long as the evidence did not conflict with the stipulation, e.g., as to matters not stipulated. Obviously where fact A is stipulated it does not prevent presentation of fact B which is a different fact and as to some additional issue. If we had a transcript of the evidence heard by the trial judge the stipulation would not prevent our considering it for determining whether there was evidence showing it to be in the best interest of the children to have their names changed, though that does not appear from the stipulation, *nor could the stipulation subsequently made change the evidence upon which the court relied in entering the judgment.*

Upon failure of the appellant to bring up any evidence showing to the contrary we must conclude that the finding of the court that it was in the best interest of the children to change their names was correct. *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605). "[E]numerations of error relating to judgments rendered after hearings where evidence was presented (each judgment so stating) and no transcript of such evidence having been included in the record before this court, under the decisions in *Brown v. State,* 223 Ga. 540 (156 SE2d 454); and *Reid v. Wilkerson,* 223 Ga. 751 [158 SE2d 241], the judgments complained of must be affirmed." *Smith v. Smith,* 223 Ga. 795 (2) (158 SE2d 679). Accord: *Delta Corp v. Aiken,* 224 Ga. 241 (161 SE2d 293); *Avery v. Avery,* 224 Ga. 516 (162 SE2d 718); *Jones v. Jones,* 224 Ga. 571 (163 SE2d 692); *Terry v. Warner Robins Supply Co.,* 225 Ga. 5 (2) (165 SE2d 731); *Chipley v. Beeler,* 225

Ga. 7 (165 SE2d 732); *Lankford v. Lankford,* 225 Ga. 147 (166 SE2d 354); *Shaw v. Jones,* 226 Ga. 291 (1) (174 SE2d 444); *Stark v. Haney,* 227 Ga. 104 (179 SE2d 67). The rule applies where no transcript of the evidence is sent up and "*no stipulation showing the facts necessary for rulings* by this court has been entered into and filed." *O'Gorman v. O'Gorman,* 227 Ga. 468 (181 SE2d 490).

While there is a stipulation here, it does not include the facts necessary for a ruling on the issue of whether the change of name is in the best interest of the children. "[W]e must presume, from failure of appellant to bring any of these for our consideration, that there was evidence before the judge of a nature ample to support his finding and judgment." *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 225 (156 SE2d 476). The burden is on the party alleging error to show it, and this he must do by the record. In the absence of any showing in the record to the contrary, it must be assumed that order and judgment of the trial judge were correct. *Shepherd v. Shepherd,* 225 Ga. 455, 456 (169 SE2d 314).

The stipulation shows that the parties agree that there have been no violations of an agreement of the parents of these children which was incorporated into the divorce decree. But even if it be contended that the mother has done so by some vicarious encouragement of this proceeding, this record fails to show that she has done that, and furthermore she is not a party to this proceeding, nor were the children parties to the agreement.

While the idea of changing the names of the children may be repugnant to many people—perhaps even to judges on this court—yet, this consideration cannot afford us a basis for failing to follow the well-established principles of law which are controlling.

I would affirm.

I am authorized to state that Chief Judge Bell and Judge Clark join in this dissent.

CLARK, Judge, dissenting.

1. We have here a situation where counsel recognized their appeal did not require a transcript of evidence because it involved only a single legal question

not previously passed on by our appellate courts. The sole problem presented for decision is succinctly stated in appellant's brief in these words: "While other objections were made to the petition at the trial court level, the single question presented on this appeal is whether or not the judge had the authority to grant the required name change requested by the two children when their mother was completely barred from bringing such a petition by virtue of the divorce settlement agreement." (Appellant's brief, p. 9). In order to obtain a definitive decision limited to this legal point the attorneys made a joint stipulation of fact which they stated was "for the purposes of appeal and in conformity with Code § 6-805 (i)." That section permits this to be done "In lieu of sending up a transcript of record." It is a practice which should be encouraged. This agreement satisfied the codal requirements that it show "how the questions arose and were decided in the trial court, together with a sufficient statement of facts to enable the appellate court to pass upon the questions presented therein."

As pointed out by my brother, Judge Evans, the stipulation does not detail the evidence presented below and therefore does not contain a showing of facts that the name change would be for the best interest and welfare of the children. Nevertheless, the order in each case contains a recital that it was entered " . . . after having heard evidence from all interested parties" and contains a specific finding of fact reciting evidentiary details. The order in each instance concludes that "It will be to the best interest and welfare of the petitioner." The objection filed by the father presented this question of welfare of his children along with his contention that such proposed name change was in violation of the divorce decree. It is clearly evident from the record as well as the order that the court based its ruling upon the evidence presented concerning the children's best interest.

2.     There are other reasons which make it incumbent upon this court to decide the legal question. The General Assembly directed that the Appellate Practice Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or *refusal to consider any*

*points raised therein . . .*" Code Ann. § 6-905 (Ga. L. 1965, pp. 18, 40). (Emphasis supplied.) This legislative directive was recognized by our court in *Continental Cas. Co. v. Stephenson,* 114 Ga. App. 555, 556 (152 SE2d 5). Furthermore, we said in *Gleaton Appliance Co. v. Brown-Wright Hotel Supply Corp.,* 117 Ga. App. 57 (2) (159 SE2d 500) that in the absence of a transcript of evidence and when none is to be filed, "this court will presume there was sufficient evidence before the trial judge to authorize his findings." Finally, it is the policy of this court of appeals to pass upon all questions of law that are properly raised which do not require consideration of evidence. *Hill v. General Rediscount Corp.,* 116 Ga. App. 459, 464 (157 SE2d 888); *Cline v. Lever Bros. Co.,* 124 Ga. App. 22 (1) (183 SE2d 63). This conforms to the policy of our Supreme Court as stated in *Hiscock v. Hiscock,* 227 Ga. 329 (1a) (180 SE2d 730).

3. Is a minor child barred from petitioning for a change in name by virtue of a separation settlement agreement between the parents which was incorporated into the divorce decree?

It is a well-established principle that a mother and father may enter into a valid and enforceable contract settling as between themselves all issues involved in a divorce proceeding. The extent to which such an agreement is enforceable is illustrated by *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 575) where it was ruled that a waiver by the parties of their right to modification or change of a permanent alimony judgment prevented a husband from seeking a reduction.

We also recognize as urged by appellant that even after such settlement agreement is incorporated into a final decree that its meaning and effect is to be determined according to the usual rules for construction of a contract including the cardinal rule of ascertaining the intent of the parties. *Brown v. Farkas,* 195 Ga. 653 (2) (25 SE2d 411); *Holland v. Holland,* 221 Ga. 418 (144 SE2d 753). These decisions make it clear that the mother here could not have sought such change of name because she had by her agreement foreclosed any right to do so.

But the parties by their agreement, even by incorporation thereof into a decree, cannot bar the rights

of their children where their welfare is concerned. Thus in *Barbee v. Barbee,* 201 Ga. 763, 769 (41 SE2d 126) our Supreme Court said that "Parties, in contemplation of a divorce, may enter into a valid separation agreement, which would be binding as between them, and would regulate their rights and obligations inter sese; *but when the welfare of children is concerned, the parents can not by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires.*" (Emphasis supplied.)

The fact that a change of name necessitates consideration of welfare aspects is stated in *Johnson v. Coggins,* 124 Ga. App. 603 (184 SE2d 696). That case points out that even though there are no statutory standards for guidance of the trial judge handling a petition for change of name that the court should act "in accord with the established standards for determining custody of minor children." There, of course, paramount consideration is given to the best interest, welfare and happiness of the children.

4. In their brief appellant's able attorneys have eloquently argued in behalf of the father that "pride in one's name and desire to perpetuate it through succeeding generations is certainly not an unusual — indeed, a common aspiration." In *Fulghum v. Paul,* 229 Ga. 463 (192 SE2d 376) the Supreme Court concluded that "[N]o one has a property right in another's name including the parent of a minor child." The court also pointed out that the trial court necessarily takes into consideration the interest which a parent has in continuance of the parental surname when "acting upon the proposed name change and in carrying out its duty of acting in the best interests of the child as parens patriae." We are satisfied the trial judge here gave full consideration to this emotional item of proper paternal patronymic pride.

5. Appellants also point out that if the mother dies the prima facie right of custody would automatically inure to the father. *Rawdin v. Conner,* 210 Ga. 508, 509 (81 SE2d 461) and citations therein. Such future possibility does not warrant the trial judge to depart from primary concern as to the welfare of the children as they

presently exist. This is particularly true because the rights of a surviving parent are subject to the discretionary power of habeas corpus courts under Code §§ 50-121 and 74-106 looking to the child's interest and welfare. *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388).

6. The petitions here were originally filed by the minors in their own names. Subsequently, each petition was amended to proceed through a next friend (not their mother). This was proper procedure as ruled in *Cook v. English,* 85 Ga. App. 739 (70 SE2d 86).

7. Since one of the petitioners is fifteen years of age, it is of interest to note that Georgia has by statute given minors certain rights upon reaching the age of fourteen years. Among these are selection of guardian (Code § 49-105), the right to make a will (Code § 113-203), in adoption cases for such minor's consent to be a requisite (Code Ann. § 74-403), and minor parents to be permitted to consent to adoption of their child (Code Ann. § 74-408).[1]

Further illustration of our public policy is in their right to select the parent with whom such child desires to live unless the parent so selected is determined not to be a fit and proper person (Code Ann. § 74-107). When passing upon this provision contained in the Act of 1962 (Ga. L. 1962, pp. 713, 715) now codified as a part of section 74-107, the Supreme Court in *Adams v. Adams,* 219 Ga. 633, 634 (135 SE2d 428) commented that "It is not a new or novel concept that a minor child fourteen years of age may well be capable of making a wise selection." With such legislative declaration of rights in these important areas, it is appropriate to hold that minors possess the right to apply for a change of name, subject, however, to the determination by the courts representing the state as parens patriae to make the determination dependent upon the child's best interest, welfare, and happiness.

8. The judgments in both appeals should be affirmed.

---

[1] In *Ehrhart v. Brooks,* 231 Ga. 272 (201 SE2d 464) the Supreme Court ruled that §§ 74-403 and 74-408 were binding upon minor parents and not unconstitutional as violative of due process of the rights of such minors.

I am authorized to state that Chief Judge Bell concurs in this dissent.