24496.   HAWES et al. v. BIBB MANUFACTURING COMPANY et al.

ARGUED FEBRUARY 13, 1968—DECIDED MARCH 7, 1968.

*Arthur K. Bolton, Attorney General, William L. Harper, Louis F. McDonald, Assistant Attorneys General, Joel M. Feldman, Deputy Assistant Attorney General,* for appellants.

*Gambrell, Russell, Moye & Killorin, E. Smythe Gambrell, T. M. Forbes, Jr.,* for appellees.

*Alston, Miller & Gaines, Francis Shackelford, Robert L. Dodd, Jr.,* for parties at interest not parties to record.

DUCKWORTH, Chief Justice. The case sounds in declaratory judgment and contains pleadings which could require the application of constitutional clauses to a given situation both of which come within the jurisdiction of the Court of Appeals on review. However, since the above would not give this court jurisdiction, yet the case may be one of equity jurisdiction, and since we take jurisdiction of "bad equity" cases as well as good, we move without further discussion to a decision on the merits of this case.

Since there seems to be no question as to the facts, a pure law

question remains as to whether or not the so-called "spray oils" used in impregnating textile fibers are subject to the sales and use tax where they are thus used in the manufacturing process. The oils are admittedly washed out or otherwise removed from the finished cloth, yet the oils are an integral part of the manufacture of the textile fibers. Thus they constitute "industrial materials . . . that are coated upon or impregnated into the product *at any stage of the processing, manufacture or conversion*" (emphasis supplied) covered in Section 3 (c) (2) of the Georgia Retailers' and Consumers' Sales and Use Tax Act, as amended (Ga. L. 1951, pp. 360, 363; Ga. L. 1953, Jan. Sess., pp. 194-195; Ga. L. 1964, p. 206; *Code Ann.* § 92-3403a C2), as exempt from the tax; and, as properly ruled by the lower court "not subject" under the exemption provisions hereinabove referred to. The law is definite that "the sale, use, storage, or consumption of industrial materials for future processing, manufacture or conversion into articles of tangible personal property for resale where such industrial materials become a component part of the finished product," or are "coated upon or impregnated into the product at any stage of its processing, manufacture or conversion" are exempt. The "spray oils" are used in the manufacture of the textile fibers which are tangible personal property and are exempt either as a part of the finished product at that stage, or *at any stage* of the manufacture of the finished cloth even if removed thereafter by being washed out or otherwise removed. They should not be considered as fuels and materials "for heat, light, power or refrigeration" used in the manufacturing and not exempt. They become exempt as a component part of textile fibers in the manufacture of the fibers, or they become exempt by being "coated upon or impregnated into the product at any stage" of the processing, manufacture or conversion into finished cloth. It seems abundantly clear from the law that this is the legislative intent by reason of the amendment of 1953, supra, which is a fair, just and equitable treatment of the manufacturer. To rule otherwise would require a strained construction, and, as we see it, the law is not ambiguous but clear requiring no construction. See *State of Ga. v. Cherokee Brick &c. Co.,* 89 Ga. App. 235, 240 (79 SE2d 322). Accordingly,

the court did not err in granting the motion for summary judgment in favor of the petitioners.

*Judgment affirmed. All the Justices concur, except Undercofler, J., disqualified.*