738

43535, 43536.   HAWES, Commissioner v.
HIGGINS-McARTHUR COMPANY (two cases).

ARGUED APRIL 3, 1968—DECIDED MAY 2, 1968.

*Arthur K. Bolton, Attorney General, William L. Harper, Louis F. McDonald, Assistant Attorneys General,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harold E. Abrams,* for appellee.

JORDAN, Presiding Judge.   As argued before this court the defendant insists that the trial court erred because genuine issues of fact exist with respect to (1) whether the plaintiff sold lithoplates to its printing customers, (2) whether the plaintiff purchased lithoplates for resale as opposed to a purchase for use in its business, and (3) whether the purchase price paid by the plaintiff is solely for lithoplates or includes other items.

*Undercofler v. Foote & Davies, Inc.,* 115 Ga. App. 341 (154 SE2d 454), involves a substantially identical factual situation as the cases sub judice, but the holding in that case, in affirming the judgment of the lower court, is limited to a determination that

the stipulated facts authorized a judgment for the taxpayer, whereas the precise issue presently confronting the court is whether the pleadings and evidence demanded such a judgment. Although *Foote & Davies* is predicated on the earlier ruling in *Superior Type, Inc. v. Williams,* 98 Ga. App. 89 (105 SE2d 14), the ruling in that case and the two companion cases decided simultaneously, *Lithoplates, Inc. v. Williams,* and *Southern Photo Process Engraving Co. v. Williams,* goes beyond the issue of whether the stipulated facts authorized judgments for the taxpayers, for in these cases this court held that the trial judge erred in holding under the stipulated facts that the taxpayers were not entitled to the claimed refunds, and in so doing determined that the sales of lithoplates and photoengraving plates from suppliers to commercial printers are not sales made for purposes other than resale. While the court in ruling on the lithoplate and photoengraving transactions stressed that under the facts there shown the commercial printer, in billing a customer, separately charged the customer for the cost of the plates plus a 15% profit, whereas *Foote & Davies* and the present cases show lump-sum billings, we note that the court in *Foote & Davies* placed no particular significance on this variation in the method of billing, and we do not consider the use of a lump-sum method of billing as in any way creating a genuine issue of fact on the issue of resale. The evidence in the present cases is clear that the taxpayer did in fact charge its customers for the plates over and above whatever other items were included in the lump-sum billings, did in fact intend a resale, and did in fact handle the lithoplates as the property of its customers. We think that the ruling in the *Lithoplates* and *Southern Photo* cases controls the disposition of the present cases, and demands a determination that no taxable transaction occurred in purchasing lithoplates from a supplier for use in a manner substantially identical to that shown in the earlier cases. There is nothing in the affidavits or the deposition which shows any material difference in the transaction there involved and in the present cases. Accordingly, there is no genuine issue of fact and the trial judge did not err in granting summary judgment for the plaintiff.

*Judgment affirmed. Pannell and Deen, JJ., concur.*