## 45107. BROWN et al. v. LEGGITT et al.

EVANS, Judge. On motion for summary judgment in favor of the petitioner, based upon the pleadings, admissions therein, the stipulations, depositions, an affidavit, and exhibits, the court denied the same for partitioning of real property based upon a division between all of the seven heirs of a deceased brother who died intestate and without issue. The appeal is from this judgment which is certified for direct appeal as provided by law. The pleadings and the evidence show the legal title to have been in the deceased brother, who had seven brothers and sisters, although some were full brothers and sisters and others merely half-brothers and half-sisters, as his sole heirs, some of whom are now deceased leaving heirs. The defendants, two half-sisters, claim they bought the land together with the deceased brother and supplied two-thirds of the purchase money in settling their mother's estate, putting title in the deceased brother, and they are entitled to two-thirds share plus a portion inherited from their half-brother, and request that their interest be "ascertained and determined" and "their rights in the premises be fully declared, recognized and enforced."

1. Payment of purchase money and causing the conveyance to be made to others, as between brother and sister, creates a presumption of a gift, "but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." *Code* § 108-116.

2. The defense here appears to be one of implied or resulting trust by reason of the legal title being in one person, but the beneficial interest in another either from payment of the purchase money, either wholly or partially, or other circumstances. *Code* § 108-106 (1).

3. It is questionable from the pleadings and the evidence whether equity has been invoked as to a declaration by the court of an implied or resulting trust. See *Hammett v. Christie*, 21 Ga. 251. However, the court denied summary judgment, and if it is right for any reason it should be affirmed. *Crittenden v. Southern Home Bldg. &c. Assn.*, 111 Ga. 266 (5) (36 SE 643); *Coker v. City of Atlanta*, 186 Ga. 473 (1) (198 SE 74); *Guffin v. Kelly*, 191 Ga. 880, 890 (14 SE2d 50). Accordingly, the jurisdiction of this case appears to be in the Supreme Court rather than the Court of Appeals,

either as involving equity or title to land since that court has jurisdiction of good and bad cases of both. *Shoup v. Elliott,* 192 Ga. 213 (14 SE2d 736); *Hawes v. Bibb Mfg. Co.,* 224 Ga. 141, 142 (160 SE2d 355).

*Transferred to Supreme Court. Hall, P. J., and Deen, J., concur.*

Submitted February 4, 1970—Decided February 12, 1970.

*Bloch, Hall, Hawkins & Owens, F. Kennedy Hall, Wilbur D. Owens, Jr.,* for appellants.

*Davis & Friedin, Roy B. Friedin,* for appellees.