### 53142. CHILIVIS v. STEIN et al.

McMURRAY, Judge.

This is a sales tax case in which an assessment for sales and use tax deficiencies for a certain taxable period was made based upon purchases of lithographic plates by Stein Printing Company, a partnership. Stein appealed the assessment, and the parties have executed a stipulation of facts with reference to the assessment and the amounts. It is thus established that Stein is a business engaged in the manufacture and sale of printed matter. An integral part of Stein's process of manufacturing printed matter for its customers consists of utilization of lithographic plates purchased by it during the period of the assessment. It did not pay Georgia sales tax or use tax thereon. These plates consist of thin aluminum of varying dimensions treated with a light-sensitive chemical coating which is used in its printing operation. An image of the printing design is achieved by transferring it from a photographic negative to the lithographic plate and the plate developed. It is then mounted on a printing press. Ink and water applied to the lithographic plate leaves only ink in the image area of the plate. The plate then

rotates against another rotating cylinder covered with a rubber blanket. The image is thus transferred to the rubber blanket from the lithographic plate and from there it is transferred to the final product, the printed matter. The lithographic plates are then scrapped and not used again, since it is not economically feasible to reprocess the plates for use on a different item of printing matter and not economically feasible to store for possible re-use in the event of additional printing of the same printed matter. The issue involves interpretation of Code Ann. § 92-3403a C (2) (see Ga. L. 1951, pp. 360, 363, as amended by Ga. L. 1953, pp. 194, 195), which exempts industrial materials as a component part of the finished product or coated upon or impregnated into the product at any stage of its processing, manufacture or conversion.

The appeal was heard by the court without the intervention of a jury based upon the stipulation and a deposition. The court made its findings of fact contending substantially the above, among other things, and concluded as a matter of law that the purchases by Stein of the lithographic plates during the period of assessment were exempt under the Georgia Retailers' and Consumers' Sales and Use Tax Act found in Code Ann. § 92-3403a C (2), supra, and the assessment was set aside. The State Revenue Commissioner appeals. *Held:*

The lithographic plates do not become a component part of the finished product as is the case of the industrial materials found in *Blackmon v. Atlantic Steel Co.,* 130 Ga. App. 492 (2) (203 SE2d 710). Nor do they become impregnated nor are they coated upon the product at any stage of its processing, manufacture or conversion. Only the ink applied to the lithographic plates is transferred from the plate rotating on a cylinder to a rubber blanket, thus transferring the printed image which is thereafter transferred to the final product on paper. See in this connection *Hawes v. Bibb Mfg. Co.,* 224 Ga. 141 (160 SE2d 355). Nor were the plates sold or billed to the customer as was the case in *Superior Type, Inc. v. Williams,* 98 Ga. App. 89 (2) (105 SE2d 14); *Undercofler v. Foote & Davies, Inc.,* 115 Ga. App. 341 (154 SE2d 454); *Hawes v. Higgins-McArthur Co.,* 117 Ga. App. 738 (161 SE2d 915).

The final product results from the ink being coated upon or impregnated into the product in the process, manufacture or conversion into the finished material. It cannot be said that the lithographic plate, which has the image coated upon it and the image thereafter transferred to the rubber blanket and from the rubber blanket transferred to the final product, is itself "coated upon or impregnated into the product at any stage." The court erred in concluding as a matter of law Stein's purchase of lithographic plates is exempt from the Georgia Retailers' and Consumers' Sales and Use Tax and in setting aside the commissioner's assessment for same.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED MARCH 9, 1977.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Richard L. Chambers, Deputy Attorney General, H. Perry Michael, Senior Assistant Attorney General, David A. Runnion, Assistant Attorney General,* for appellant.

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., Timothy R. Askew, Jr.,* for appellees.