### A07A2024, A07A2025. ETHICON, INC. v. GEORGIA DEPARTMENT OF REVENUE et al.; and vice versa.

(661 SE2d 170)

MILLER, Judge.

Ethicon, Inc. filed the underlying action in the Superior Court of Habersham County after the Georgia Department of Revenue and Bart L. Graham, State Revenue Commissioner ("DOR"), denied its application for a refund of the sales and use taxes it paid between September 1, 1997 through December 31, 1998 (the "Tax Period"). The parties thereafter entered into stipulations of fact and filed cross-motions for summary judgment. The trial court granted summary judgment in part to Ethicon and in part to DOR. In Case No. A07A2024 Ethicon appeals, contending that the trial court erred in finding that Ethicon's purchases of certain repair and maintenance parts for its manufacturing machinery in Georgia were not tax-exempt pursuant to the 1997 version of OCGA § 48-8-3 (34) (A) (the "1997 Manufacturing Machinery Exemption").[1] In Case No. A07A2025, DOR appeals the trial court's grant of partial summary judgment to Ethicon, contending that the trial court erred in finding that Ethicon's purchases of argon and nitrogen for use at its Cornelia Plant were tax-exempt under such version of OCGA § 48-8-3 (35) (A) (ii) (the "1997 Industrial Materials Exemption"). Finding that summary judgment for DOR as to Ethicon's claim for a tax refund under the 1997 Manufacturing Machinery Exemption was error as a matter of law and no genuine issue of material fact remaining as to whether Ethicon's purchases of argon and nitrogen were exempt under the 1997 Industrial Materials Exemption, we reverse in Case No. A07A2024 and affirm in Case No. A07A2025.

"When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. . . ." (Citations omitted.) *Osman v. Olde Plantation Apts. &c.*, 270 Ga. App. 627 (607 SE2d 236) (2004). In reviewing Georgia statutes, "we apply the fundamental rules of statutory construction that require us to construe a statute according to its terms . . . and to avoid a construction that makes some language mere surplusage." (Citations omitted.) *Slakman v. Continental Cas. Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003). In such regard, "[i]t is well established that laws granting exemption from taxation must be construed strictly in favor of the taxing authority. No exemption will be allowed unless it was intended by the legislature." (Citations omitted.) *Bd. of Assessors &c. v. McCoy Grain Exchange*, 234 Ga. App. 98, 100 (505 SE2d 832) (1998).

---

[1] We granted Ethicon's application for discretionary review under OCGA § 5-6-35 (j).

It is undisputed in the record that during the Tax Period, Ethicon operated a manufacturing facility in Cornelia (the "Cornelia Plant"). There it produced absorbable and nonabsorbable surgical sutures, suture needles, and other medical supplies for sale to third parties using, among other things, nitrogen and argon gas.

### Case No. A07A2024

1. Ethicon contends that the trial court erred in granting partial summary judgment to DOR based on its finding that the 1997 Manufacturing Machinery Exemption applied only to machinery components purchased to "upgrade" machinery. We agree.

The 1997 Manufacturing Machinery Exemption provided a sales tax exemption for "[m]achinery, *including components thereof,* which is used directly in the manufacture of tangible personal property when the machinery is bought to *replace or upgrade* machinery in a manufacturing plant presently existing in this state. . . ." (Emphasis supplied.) Ga. L. 1997, p. 1413, § 1. This Court has held that such exemption, on its face, plainly "provide[s] a sales tax exemption for the designated machinery bought to replace or up-grade existing machinery and to expand that exemption to also include components of designated machinery bought to replace or upgrade existing machinery." *Owens Corning v. Ga. Dept. of Revenue,* 285 Ga. App. 158, 160 (645 SE2d 644) (2007). The parties stipulate that Ethicon asserts the 1997 Manufacturing Machinery Exemption for such "purchases of repair and/or maintenance parts for machinery parts located at the [Cornelia Plant] and used directly in the manufacture of tangible personal property for sale."

Here, the trial court erred in relying on this Court's decision in *Inland Paperboard &c.,* 274 Ga. App. 101 (616 SE2d 873) (2005), for the proposition that repair and replacement parts were not exempt under the 1997 Manufacturing Machinery Exemption. *Inland,* however, applied the 1994 version of such exemption and neither considered nor addressed the same otherwise.

Because *Owens Corning* constitutes controlling precedent, summary judgment for DOR was error upon Ethicon's claim for a tax refund as to its purchases of repair and maintenance parts for machinery at its Cornelia Plant under the 1997 Manufacturing Machinery Exemption.

### Case No. A07A2025

2. By its cross-appeal, DOR contends that the trial court erred in granting Ethicon summary judgment upon the finding that nitrogen and argon gases were "coated upon or impregnated into" Ethicon's

products, entitling it to a tax refund for its purchases thereof pursuant to the 1997 Industrial Materials Exemption. Such exemption exempts from sales and use taxation:

(A) The sale, use, storage, or consumption of:

(i) . . .

(ii) *Industrial materials* other than machinery and machinery repair parts *that are coated upon or impregnated into the product at any stage of its processing, manufacture, or conversion*;

(iii) . . .

(B) As used in this paragraph, the term *"industrial materials"* does not include natural or artificial *gas*, oil, gasoline, electricity, solid fuel, ice, or other materials *used for heat*, light, power, or refrigeration in any phase of the manufacturing[ ] process.

(Emphasis supplied.) OCGA § 48-8-3 (35). DOR argues that Ethicon's purchases of nitrogen and argon are taxable because (i) the foregoing exemption is limited to "raw materials purchased to put a product together[ ]"; (ii) neither gas is "coated upon" Ethicon's sutures and needles because Ethicon failed to show that the gases are applied for a specific purpose and that they "adhere" thereto as paint would; and (iii) both gases are used for the production of heat. We disagree.

On its face, it is evident that the 1997 Industrial Materials Exemption is not limited to the raw materials that ultimately comprise a manufacturer's end product, the sutures and needles here at issue. Instead, the exemption extends to "industrial materials," unrestricted by any qualifying language, "that are coated upon or impregnated into the product at any stage of its processing, manufacture, or conversion." OCGA § 48-8-3 (35) (A) (ii); see *Hawes v. Bibb Mfg. Co.*, 224 Ga. 141, 143 (160 SE2d 355) (1968) (holding the textile fibers at issue "exempt either as a part of the finished product at that stage, or at any stage of the manufacture of the finished cloth even if removed thereafter by being washed out or otherwise removed").

Further, DOR's claims to the contrary notwithstanding, it is undisputed that Ethicon purchased and used nitrogen and argon for a specific purpose in manufacturing its sutures and needles, i.e., "for application as an enclosing and protective layer, (e.g., coating) on its

sutures and needles." While we find that the words "coating upon," within the meaning of the 1997 Industrial Materials Exemption, do not require "adherence" (see The American Heritage Dictionary, 2d New College ed., p. 134 (Dell 1983) (defining the word "coat," among other things, as a cover or layer)); see also *Inland*, supra, 274 Ga. App. at 101), it likewise is undisputed that the gases at issue adhered to Ethicon's nonabsorbable sutures and needles. Ethicon coated its nonabsorbable sutures to make them less painful and easier to remove and coated its needles with nitrogen and argon to better enable them to penetrate the skin and to facilitate drilling into them in the manufacturing process.

DOR has also failed to come forward with evidence showing that Ethicon used nitrogen and argon as a heat source in the manufacturing process in opposition to Ethicon's evidence that neither gas was used for such purpose. While DOR suggests that this Court should disregard the affidavit of Ethicon's Plant Engineering Manager for inconsistency with his deposition testimony, we find no contradiction and decline to do so. See *Wright v. K-Mart Corp.*, 286 Ga. App. 765-766 (650 SE2d 300) (2007), citing *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986).

Given the foregoing, we find that no genuine issue of material fact remains as to Ethicon's entitlement to the 1997 Industrial Materials Exemption for its purchases of nitrogen and argon used in the manufacture of sutures and needles during the Tax Period. Accordingly, the grant of summary judgment for Ethicon thereon is affirmed. *Osman*, supra, 270 Ga. App. at 627.

*Judgment reversed in Case No. A07A2024. Judgment affirmed in Case No. A07A2025. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MARCH 25, 2008 —
RECONSIDERATION DENIED APRIL 14, 2008 

*Smith, Shaw & Maddox, Virginia B. Harman*, for appellant.
*Thurbert E. Baker, Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Michele M. Young, Assistant Attorney General*, for appellees.