## 27318.  FULGHUM v. PAUL.

UNDERCOFLER, Justice. Charles Fulghum seeks to vacate a judgment changing the surname of his minor child to that of her stepfather. He contends that the Act providing for such name change is unconstitutional under the due process clauses of the State and Federal Constitutions (*Code* §§ 1-815, 2-103) because it does not provide for personal service upon him as the father of the child. The statute specifies service by publication ". . . in the official gazette of the county once a week for four weeks."

The name was changed upon petition of the mother who was granted custody of the child upon her divorce from complainant. Service was by publication. Complainant resides in Georgia but in a county other than where the petition was filed and claims he was not aware of the proceeding.

The trial court held the statute constitutional as against the attack made. The appeal is from that judgment. *Held:*

"No person shall be deprived of life, liberty, or property, except by due process of law." Ga. Const., Art. I, Sec. I, Par. III (*Code Ann.* § 2-103); U. S. Const., Article XIV, Sec. I (*Code* § 1-815).

As we view it, the controlling question here is whether a parent has a property right in his minor child's surname.

"It is merely a custom of persons to bear the name of their parents. Hence, in the absence of a statute or judicial adjudication to the contrary, there is nothing in the law prohibiting a person from taking or assuming another name, so long as he does not assume a name for the purpose of defrauding other persons through a mistake of identity." 57 AmJur2d 289, § 22; 65 CJS 25, § 11 (1). Accordingly, we conclude that no one has a property right in another's name including the parent of a minor child. Therefore, the constitutional attack made here is

without merit. It is the prerogative of the Georgia General Assembly to prescribe what notice, if any, is required prior to the court's action upon a petition for change of name. See Ga. Const., Art. III, Sec. VII, Par. XVII (*Code Ann.* 2-1917). It has provided for notice by publication. Ga. L. 1961, p. 129 (*Code Ann.* § 79-501).

We recognize that most fathers desire that their children be identified with them and take pride in their children bearing their names. Therefore, as commented upon by the trial judge, it would seem appropriate that the father, particularly where present in the State and whose address is known, should receive personal notice. However, this addresses itself to the General Assembly and this court will not invade the prerogative of that body under the guise of due process. Some courts recognize that a father has "a protectible interest in having his child bear the parental surname in accordance with the usual custom, even though the mother may have been awarded custody of the child." 53 ALR2d 915. However, this "protectible interest" is not a property right which comes within the meaning of the due process clauses of the State and Federal Constitutions. In our opinion such interest necessarily is taken into consideration by the trial court in acting upon the proposed name change and in carrying out its duty of acting in the best interests of the child as parens patriae. See *Binford v. Reid,* 83 Ga. App. 280 (63 SE2d 345).

*Judgment affirmed. All the Justices concur, except Hawes, J., who dissents.*

SUBMITTED JULY 10, 1972—DECIDED SEPTEMBER 12, 1972.

*Tom Strickland,* for appellant.
*Grant & Matthews, Carlton Matthews,* for appellee.