## 29978. DOE et al. v. ROE.

GUNTER, Justice.

This is a two-fathers case. The appellants, the natural mother of a child and her present husband, contend that they are the natural parents of the child. The appellee, the former husband of the mother-appellant, contends that he is the natural father of the child. The child's birth certificate and a divorce decree divorcing appellee and his former wife, the mother, assert that the appellee is the natural father. The testimony of the natural mother asserts that the appellee is not the natural father of the child but that her present husband, the other appellant here, is the natural father of the child.

The appellants have come here by interlocutory appeal from the following judgment: "The above matter coming on for a hearing, and after hearing and consideration of briefs filed, it is the judgment of the court that the defendants, [naming them], be and they are herewith temporarily restrained from registering [naming the child] with any school, church or organization of whatever nature or kind by any name other than [the child's name appearing on the birth certificate]. The defendants' motion for physical examination of the parties is denied. All until further order of the court."

The appellants had registered the child in school in the name of the present husband-appellant. The appellee brought an action against the appellants below to prevent the change of the child's last name from that of the appellee to that of the present husband-appellant.

Georgia law provides that a minor child's name may

be changed by presenting a petition to the superior court of the county of the child's residence. Written consent of the parent or parents if they are living and have not abandoned the child must be filed with the petition, and before the child's name can be changed "the parent or parents of such child shall be served with a copy of the petition." Code Ann. § 79-501. If written objections are filed, objecting to the change of the name of the minor child, by any interested or affected party within the time specified, the court shall thereupon proceed to hear and determine the matter. Code Ann. § 79-502.

The problem with this procedure, and probably the reason for its not being used in this case, is that there is a dispute as to the identity of the natural father of the child. However, it seems to this court that this procedure would be the proper legal vehicle for the resolution of this dispute, serving a petition on both purported fathers, making both of them parties to the proceedings. The trial judge would then have to resolve the dispute. Code Ann. § 79-502.

On the basis of the record now before us on this interlocutory appeal, we cannot conclude that the trial judge abused his discretion by temporarily enjoining the use of another name in the manner provided in his order, or that he abused his discretion in temporarily denying the motion of appellants for a physical examination of the parties pursuant to Code Ann. § 81A-135 (a).

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., and Ingram, J., who concur specially.*

ARGUED JUNE 11, 1975 — DECIDED OCTOBER 1, 1975.

*Richard P. Decker,* for appellants.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, J. Rodgers Lunsford, III,* for appellee.

UNDERCOFLER, Presiding Justice, concurring specially.

In my opinion the only issue here is whether the petitioner presently has an enforceable right in the name of his minor son. Under Ga. L. 1973, p. 504 (Code Ann. §

79-501) enacted after our decision in *Fulghum v. Paul,* 229 Ga. 463 (192 SE2d 376) (1972), he has such right. For this reason I concur in the affirmance of the trial court's order.

I am authorized to state that Justice Ingram concurs in this special concurrence.