## 58145. In re MULLINIX.

SMITH, Judge.

Appellant, a married woman with a minor child, filed a petition in the Superior Court of Floyd County for a change of name. See Code § 79-501. Appellant desires to have her maiden name restored, primarily because she is an only child and wants to preserve her family name. Appellant has been happily married for ten years, and neither her husband nor her child objects to the name change. No objections were made at the hearing to the proposed change. There is no evidence that the change is intended to defraud anyone. The lower court denied appellant's petition, finding "that such a change of name for this wife and mother would set the stage for serious confusion, misunderstanding, complications, and above all embarrassment, particularly for the minor child who would be put in a very strange situation." We reverse and remand with direction.

"The action of a superior court in granting or refusing a proper application to change the name of a person is based solely on a sound legal discretion . . ." *Binford v. Reid,* 83 Ga. App. 280 (63 SE2d 345) (1950). In the instant case, the petition was denied solely because of the trial judge's belief that where a change of name results in a mother and child bearing different surnames, the latter is necessarily confused and embarrassed. This reason alone is not a valid basis for denying a change of name. We conclude that the trial judge abused his discretion in denying appellant's petition inasmuch as appellant met the statutory criteria for a change of name and no objections whatsoever were raised at the hearing. The case is remanded to the lower court with direction to enter an order granting appellant's petition for change of name.

*Judgment reversed and remanded with direction. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED JULY 9, 1979 — DECIDED NOVEMBER 7, 1979.

*W. Gene Richardson,* for appellant.