A89A1694. REDDING v. THE STATE.
(386 SE2d 907)

DEEN, Presiding Judge.

An attempt to rob a DeKalb County Church's Fried Chicken restaurant was made by a male who, shortly after the restaurant had closed for the evening, approached the back door and threatened the

employee who happened to open it, and then demanded of the restaurant manager that she open the locked safe or "I'll blow your brains out." While the manager was attempting to comply, the other employees ran from the restaurant, and one of them summoned a police officer who was writing a traffic citation just across the street. The officer opened the restaurant's back door and was confronted by a person later identified as appellant Redding. The officer slammed the door shut, called for help on his radio, and was carefully working his way around the building when he saw the suspect run out the front door and up a side street. The officer gave chase, and he and several other officers shortly apprehended their quarry, appellant Redding, who had apparently doubled back into a wooded area behind the restaurant. Redding was placed in a patrol car, where he was identified by the employee who had reported the robbery. He was read his *Miranda* rights but refused to give his correct name or address; he stated that he had not attempted to rob the restaurant and had recently used the syringe found in his pocket to take cocaine. No gun was found in his possession at the time of arrest.

After being taken to the police precinct, Redding was again read his *Miranda* rights. He informed the police officer who was doing the "paperwork" that he now knew where he (the officer) could be found and would "put him in the dirt." Redding was indicted on five counts: (1) criminal attempt to commit an armed robbery; (2) aggravated assault with attempt to rob Mr. Stokes, the employee who had opened the back door; (3) aggravated assault with attempt to rob Ms. Steverson, the manager; (4) obstruction of an officer; and (5) giving a false name to an officer. The jury found him guilty on all counts, and he was given concurrent sentences of ten years' imprisonment on Count 1, twelve months on Count 2 (he was found guilty of simple assault, a misdemeanor, rather than aggravated assault, a felony), twenty years on Count 3, five years on Count 4, and twelve months on Count 5.

Redding filed a motion for new trial on the general grounds but amended the motion to include the trial court's failure to give a requested jury charge, the admission of certain testimony allegedly without a proper foundation, the prosecution's failure to meet its burden of proof, the court's failure to exercise its discretion in what he alleged to be "a close case," and an unspecified "error of law." The motion was denied on all grounds, and Redding has filed an appeal enumerating as error (1) the denial of the amended motion for new trial; (2) the sufficiency of the evidence to authorize conviction on Count 2; (3) giving separate sentences on Counts 1 and 3, which allegedly merge as a matter of fact; and (4), (5) the admission of custodial statements made by the defendant after he had indicated an unwillingness to talk further. *Held*:

1. Scrutiny of the record in the instant case, including the trial

transcript, reveals that there is no substance to any of the grounds on which Redding sought a new trial, nor was a new trial authorized for any of the reasons covered in OCGA Chapter 5, Article 2. This enumeration is lacking in merit.

2. The record indicates that there was sufficient competent evidence to authorize the rational trier of fact to find appellant guilty in Count 2 of the lesser included offense of simple assault, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Examination of the trial transcript and relevant portions of the record makes it clear that the fourth and fifth enumerations have no merit. The testimony to which appellant objects was properly admitted after a *Jackson v. Denno* hearing in which the court ascertained that the challenged statements of the defendant were made freely and voluntarily after he had indicated that he understood his *Miranda* rights. *Fowler v. State*, 246 Ga. 256 (271 SE2d 168) (1980); *Johnson v. State*, 188 Ga. App. 499 (373 SE2d 284) (1988). Moreover, the record reveals, it is only through a rather strained interpretation of those statements (names and addresses, denial that he had entered Church's, remarks concerning cocaine) that they could be considered prejudicial. We find no error here.

4. In his third enumeration appellant alleges that it was error for the court to impose separate sentences on Counts 1 and 3, since the two offenses merge as a matter of fact; that is, the aggravated assault upon Ms. Steverson involved certain acts which were also substantial steps towards the commission of armed robbery. Under OCGA § 16-1-7 (a), "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other. . . ." In *Hambrick v. State*, 256 Ga. 148 (344 SE2d 639) (1986), the Supreme Court reviewed convictions of aggravated assault and attempted armed robbery and noted at 150: "While it is settled that aggravated assault is not included in robbery, armed robbery, or attempted armed robbery as a matter of law [cits.], it may be included as a matter of fact [cit.] . . . Here . . . the same facts were used . . . to prove attempted armed robbery and aggravated assault. Therefore, [the conviction] . . . of aggravated assault . . . [does] in fact merge with the attempted armed robber[y] and must be set aside." In the case *sub judice* the assailant's announcement that he wanted money, coupled with his verbal allusions to a gun and his holding his hand in a position which suggested the presence of a gun in his pocket, was, as in *Hambrick*, supra, "the act underlying both the convictions for attempted armed robbery and for aggravated assault." Id. See OCGA §§ 16-5-21 (a); 16-8-41 (a). *Moody v. State*, 258 Ga. 818 (375 SE2d 30)

(1989). The elements of aggravated assault were, in the instant fact situation, among the elements which constituted attempted armed robbery. Since one crime was included in the other, only one sentence should have been imposed in connection with the two charges. The trial court erred in imposing two separate sentences, and the case must therefore be remanded for resentencing on Counts 1 and 3. The State has conceded that the trial court erred in this respect.

*Judgment affirmed in part and reversed in part; case remanded with direction. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 26, 1989.

*John D. McCord III*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Patricia G. Higginbotham, Assistant District Attorneys*, for appellee.