A90A1117. REDDING v. THE STATE.
(397 SE2d 34)

Sognier, Judge.

This is the second appearance of this case before this court. Kenneth Charles Redding was convicted of attempted armed robbery, simple assault, aggravated assault with intent to rob, obstruction of an officer, and giving a false name to a law enforcement officer, and sentenced on each count. In *Redding v. State*, 193 Ga. App. 50, 52-53 (4) (386 SE2d 907) (1989), this court reversed the judgment in part and remanded for resentencing on the attempted armed robbery and aggravated assault counts, holding that the two counts merged as a matter of fact, and Redding could not be sentenced on both. Upon remand, the trial court vacated the original sentences on the two counts and resentenced Redding to twenty years on the count of aggravated assault, the maximum sentence on that count. Redding appeals again.

Appellant contends the trial court erred by failing to vacate his conviction for aggravated assault, and by sentencing him on the aggravated assault count rather than on the attempted armed robbery count because the charge of aggravated assault merged *into* the count of attempted armed robbery, and not vice versa. We agree and again remand to the trial court. In our opinion in appellant's prior appeal, this court cited *Hambrick v. State*, 256 Ga. 148 (344 SE2d 639) (1986) as authority for our decision. In *Hambrick* the Supreme Court set aside five convictions for aggravated assault because they merged in fact with five counts of attempted armed robbery. This court concluded that in appellant's case, as in *Hambrick*, " 'the same facts were used . . . to prove attempted armed robbery and aggravated assault. Therefore, (the conviction) . . . of aggravated assault . . . (does) in fact merge with the attempted armed robber(y) and must be set aside.' " *Redding*, supra at 52 (4). Since the aggravated assault charge merged *into* the attempted armed robbery count, see generally OCGA § 16-1-6 (1), we are constrained to follow *Hambrick*, supra, and conclude that the trial court erred by failing to vacate the conviction for aggravated assault and by sentencing appellant on the aggravated assault charge rather than on the attempted armed robbery charge. Accordingly, we remand this case to the trial court with direction that the conviction for aggravated assault be set aside and that appellant

be sentenced as provided by law on his conviction for attempted armed robbery.

*Judgment reversed and case remanded with direction. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 4, 1990.

John D. McCord III, for appellant.

Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney, for appellee.