## A93A0479. BROWN v. WATERS.
### (432 SE2d 817)

BLACKBURN, Judge.

On July 2, 1991, Shari Waters gave birth to a boy. The appellant, Aubrey Brown, signed the birth certificate as the child's father, and the child was given his last name. On August 25, 1991, Brown was arrested for a felony offense, and he was eventually convicted and sentenced to a term of imprisonment.

On August 12, 1992, Waters filed a petition to change the child's last name from Brown to Waters, alleging that Brown's consent to the petition was not required because he had abandoned the child. Brown was never served personally in the state correctional facility, but he happened to see the notice by publication that appeared in a newspaper. Brown immediately wrote a letter that was filed with the Clerk of Court on August 31, 1992, disputing the allegation that he had abandoned the child and objecting to the petition for several reasons. He subsequently mailed a formal objection to the petition, which was not received and filed until after the trial court granted Waters' petition on October 6, 1992. This discretionary appeal followed.

"Georgia law provides that a minor child's name may be changed by presenting a petition to the superior court of the county of the child's residence. Written consent of the parent or parents if they are living and have not abandoned the child must be filed with the petition, and before the child's name can be changed 'the parent or parents of such child shall be served with a copy of the petition.' [OCGA § 19-12-1 (d)]. If written objections are filed, objecting to the change of the name of the minor child, by any interested or affected party within the time specified, the court shall thereupon proceed to hear and determine the matter. [OCGA § 19-12-2]." Doe v. Roe, 235 Ga. 318, 319 (219 SE2d 700) (1975).

In the instant case, it is uncontroverted that there was no attempt to serve Brown personally with the petition or to obtain his written consent to the name change. Waters did publish a notice of the petition in the legal organ of the county, which would have sufficed as notice to Brown if his location or address had been unknown. See OCGA § 19-12-1 (d). However, in Brown's letter objecting to the petition, he stated some basis for finding that Waters was aware of his incarceration and could have served him personally. In addition to that lack of personal service, the judgment in this case is infirm because of the trial court's failure to consider Brown's written objections to the petition, contrary to the requirement of OCGA § 19-12-2. Accordingly, it appearing that issues of fact existed over whether Brown was properly served with the petition and whether Brown had abandoned the child, the trial court erred in granting the petition to change the child's name without holding a hearing to consider

Brown's stated objections.
*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1993.

Aubrey A. Brown, *pro se.*
Jon G. Branan, for appellee.