A95A1825. IN RE REDDING.
(461 SE2d 558)

McMURRAY, Presiding Judge.

Kenneth Charles Redding, proceeding pro se, filed a verified "PETITION TO CHANGE NAME" in the Superior Court of DeKalb County, Georgia, alleging that he was born in Georgia on April 9, 1955; that, for "Religious Reasons," he desires to change his name from Kenneth Charles Redding to Faheem Shabazz Batuta; and that the petition is not submitted with the intention of defrauding another. In support of his pauper's affidavit, Mr. Redding submitted the certification of an authorized officer of the DeKalb County Jail, the "institution where [Mr. Redding] is confined," showing the average monthly balance in Mr. Redding's account there to be $10. Mr. Redding subsequently filed a change of address, informing the Clerk of the DeKalb Superior Court that he "was transferred to Ware C. I. in Waycross, from DeKalb Jail on, 1-18-95." On April 14, 1995, the DeKalb Superior Court entered an order denying Mr. Redding's petition for name change, finding that Mr. Redding "has been convicted of numerous offenses including most recently burglary, aggravated assault, aggravated sodomy, rape, robbery and armed robbery in DeKalb Superior Court." The superior court concluded that a legal change in Mr. Redding's name at this time "might result in confusion, allow him to conceal his true identity and disassociate with his past criminal record." This direct appeal followed. *Held*:

In related enumerations of error, Mr. Redding contends the superior court erred in denying his petition to change name, arguing that a name change for religious reasons is "guaranteed by the 'Free Exercise' clause of the First Amendment, Sherbert v. Verner, 374 U. S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963)."

"The action of the superior court in granting or refusing a proper application to change the name of a person is based solely on a sound legal discretion[.]" *Binford v. Reid*, 83 Ga. App. 280 (63 SE2d 345). Title 19, Chapter 12 of the Code does not "authorize any person to change his name with a view to deprive another fraudulently of any right under the law." OCGA § 19-12-4. We take judicial notice of the

fact that Kenneth Charles Redding's previous convictions include giving a false name to a law enforcement officer, in addition to crimes of violence. *Redding v. State*, 196 Ga. App. 751 (397 SE2d 34). In the case sub judice, the superior court did not abuse its discretion, for the evidence authorizes the conclusion that a change in Mr. Redding's name at this time might result in confusion, allowing him to conceal his true identity and to disassociate himself with his criminal past. *In re Parrott*, 194 Ga. App. 856 (392 SE2d 48). Compare *In re Mullinix*, 152 Ga. App. 215 (262 SE2d 540). The fullest expression of Mr. Redding's protected liberty interests in religious worship and freedom of expression, as those interests are implicated by this holding, will have to wait until his rehabilitation is more completely demonstrated. Until then, the denial of his petition for name change does not amount to an impermissible restriction of substantial rights. See, e.g., *Elam v. Henderson*, 472 F2d 582 (5th Cir. 1973), cert. denied, 414 U. S. 868 (94 SC 177, 38 LE2d 117).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 17, 1995.

Kenneth C. Redding, *pro se.*

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.