A99A0873. SERPENTFOOT v. THE STATE.
(524 SE2d 516)

SMITH, Judge.

Appellant, previously named Anne Otwell and now known as "Serpentfoot," appeals from an order revoking her previously suspended sentence. She contends that the trial court erroneously calculated her remaining time in jail and that certain language should be removed from the trial court's order. We find no error, and we affirm.

Serpentfoot was found guilty by a jury in April 1995 of three counts of disrupting a lawful meeting and two counts of public indecency. The trial court sentenced her in May 1995 to 12 months on each count, with each count to be served consecutively. The sentence on each count was suspended, however, on condition that Serpentfoot not violate any state law or city or county ordinance and that she be banned from Floyd County during the time of the sentence. The State filed a motion to revoke the suspended sentence in May 1998 alleging, among other things, that Serpentfoot had committed the

---

offenses of cruelty to animals and criminal trespass. During the hearing on the motion, evidence was presented that Serpentfoot had shot and killed her neighbors' dog simply because the ten-year-old, crippled dog had been scratching on Serpentfoot's door and annoying her. We note that during the revocation hearing, Serpentfoot's counsel stated that Serpentfoot "would like me to inform the court that she admits to the violation of probation regarding her refusal to be banished from Floyd County."

The trial court entered an order revoking the aggregate of Serpentfoot's suspended sentence and sentencing her to serve 25 months and 12 days as directed by the Commissioner of the State Department of Corrections. Serpentfoot filed a motion for new trial alleging, among other things, that the trial court erroneously calculated the amount of time left in her sentences, and she filed an amended motion for new trial asking the trial court to strike a sentence from its order of revocation. Following a hearing, the trial court denied the motions. Serpentfoot appeals these rulings. We find no error, and we affirm.

1. Serpentfoot has filed a number of pro se motions in this court which indicate, among other things, that she has "released" her court-appointed counsel. Nothing in the record shows, however, that Serpentfoot has sought such a "release" from the trial court or that counsel has been permitted by the trial court to withdraw. We must therefore dismiss Serpentfoot's pro se motions and proceed with her appeal on the merits. See generally *Mallory v. State*, 225 Ga. App. 418, 420 (1) (483 SE2d 907) (1997).

2. Serpentfoot first contends that the court failed to give her credit for the time period during which her convictions on the public meeting disruption and indecency charges were on appeal. She contends that her sentence began to run when she was actually sentenced on May 5, 1995, while the State maintains the sentence commenced several months later when this court issued the remittitur affirming Serpentfoot's convictions.

To the extent we understand her argument, Serpentfoot argues that OCGA § 5-6-45 (a) controls the issue raised by this appeal, contending that "the filing of a notice of appeal serves as a supersedeas *only* in cases where the death penalty has been imposed or where the defendant is admitted to bail." According to Serpentfoot, because she "was not sentenced to death and was not granted bail, her sentences ran continuously from the date they were imposed." This argument ignores, however, the language of OCGA § 17-10-9, which provides that a sentence must be computed from the date of the appellate court's remittitur, unless the defendant is incarcerated pending his or her appeal. If the defendant is incarcerated, the time of the original imposition of sentence until the time the remittitur is issued

"shall be counted as time spent under sentence for all purposes." OCGA § 17-10-9. But as stated in *Huff v. McLarty*, 241 Ga. 442 (246 SE2d 302) (1978), defendants who remain at large receive no "credit for any time before entering upon their incarceration *or other penalty*. [Cits.]" (Emphasis supplied.) Id. at 445. Clearly, the import of OCGA § 17-10-9 is to give a defendant credit for time served. Here, during the time period between the date of her notice of appeal and the date of the remittitur issued by this court, Serpentfoot remained "at large" due to the nature of her sentence — a suspended one. At the very least, her sentence could not have begun to run until the remittitur affirming her convictions was issued. Consequently, Serpentfoot has raised no error with respect to the trial court's computation of her sentence.

3. We find no merit in Serpentfoot's contention that the trial court should have stricken from its order its statement "that acts of gratuitous violence toward animals are often manifestations of symptoms of more deep seeded [sic] violent tendencies." The fact that Serpentfoot committed a "gratuitous act of violence" against an animal was supported by the record, and the remaining portion of the trial court's statement concerning this matter was, as described by the trial court, simply an observation.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 3, 1999 —
RECONSIDERATION DENIED NOVEMBER 22, 1999 —

*Karen S. Wilkes*, for appellant.
Serpentfoot, *pro se*.
*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.