A07A0261. IN RE SERPENTFOOT.
(646 SE2d 267)

MIKELL, Judge.

Pro se appellant Serpentfoot appeals the superior court's order denying her third amended petition to change her name to Ann Serpentfoot-Mooney and awarding $2,500 in attorney fees to Burgett Mooney III, who objected to the petition. Appellant directed her notice of appeal to the Supreme Court, challenging the constitutionality of

---

OCGA § 19-12-2,[1] but that Court transferred the case to this Court because appellant had not obtained a ruling by the trial court on any constitutional issue. We affirm the denial of the petition for a name change but vacate and remand that portion of the judgment awarding attorney fees.

1. "[W]hether a judge of the superior court shall grant or refuse a proper application for a change in name, upon objection and after a hearing, involves the exercise of a sound legal discretion."[2] There was no abuse of discretion in the case at bar. The record shows that Mooney is the publisher of the *Rome News Tribune*. Appellant's current name, as well as her former name, Anne Otwell, appear in the newspaper on occasion in an unflattering light.[3] In her first petition, appellant sought to change her name to "Blowdjett Mooney, IV." Mooney objected on the ground that appellant intended to defraud him and that this name change would cause him embarrassment and ridicule. Appellant amended her petition three times, on each occasion seeking an order to utilize the Mooney surname.[4]

At the hearing held on the petition, appellant testified that the newspaper refuses to stop using her former name, even though she changed it to Serpentfoot after her arrest for protesting in the nude during Christian prayers at government meetings; that the newspaper is blackmailing her and prints the name Otwell in order to hurt her family and alienate her from her children; and that she chose the surname Mooney, although she is "not particularly fond of the name," because she believes that Burgett Mooney will not likely print the name Otwell if it is associated with Mooney's name. In her third amended petition, appellant set forth the reason for seeking the name change as follows:

> I would like for our newspaper owner, Burgett Mooney, III to treat my name and the name of my previous husband's family, the same way he would like his name treated. Since

---

[1] OCGA § 19-12-2 provides: "If written objections are filed by any interested or affected party within the time limits specified in subsection (f) of Code Section 19-12-1, the court shall thereupon proceed to hear the matter at chambers."

[2] *Johnson v. Coggins*, 124 Ga. App. 603, 604 (184 SE2d 696) (1971). Accord *In re Redding*, 218 Ga. App. 376 (461 SE2d 558) (1995); *In re Parrott*, 194 Ga. App. 856 (392 SE2d 48) (1990); *In re Mullinix*, 152 Ga. App. 215 (262 SE2d 540) (1979).

[3] This is due to various criminal and other newsworthy acts committed by appellant. See *Serpentfoot v. State*, 241 Ga. App. 35-36 (524 SE2d 516) (1999) (appellant's suspended sentence for public indecency revoked because she shot and killed her neighbors' ten-year-old, crippled dog because it was annoying her). See also *Serpentfoot v. Salmon*, 225 Ga. App. 478 (483 SE2d 927) (1997) (regarding appellant's petition for contempt against a trial court judge, an assistant district attorney, and a county attorney).

[4] Appellant chose "Bridgett S. Mooney, IV," then "S. S. Serpentfoot-Mooney," and finally, "Ann Serpentfoot-Mooney."

they, and I, pleaded with him and it did no good, I see no solution to get him to practice "The Golden Rule" as to my name unless my surname is the same as his surname.

After hearing testimony and argument, and after considering the pleadings, many of which appellant has omitted from the record on appeal, the trial court found that granting the name change would harm Burgett Mooney and that "it's clear throughout the pleadings that this is directed directly at him for an improper motive and improper reason." The court thus exercised its discretion to deny the petition. In its order, the court additionally found that appellant failed to demonstrate any appropriate reason for the use of the Mooney name.

In enumerated errors 4, 5, and 6, appellant contends that the trial court abused its discretion. We disagree. Given the probable harm to Burgett Mooney and appellant's improper motives, the trial court exercised sound legal discretion in denying the petition. Also, a person is not authorized to change his name "with a view to deprive another fraudulently of any right under the law."[5] Every "individual has a common law right to the protection of his own good name."[6] Based on her testimony and the pleadings appellant has included in the record, the court could have found that she intended to deprive Mooney of his good name.

Finally, appellant has waived her argument that she has been deprived of constitutional rights to a jury trial, due process, and equal protection of the laws by failing to raise any constitutional issues at the hearing or to obtain a ruling thereon.[7]

2. Appellant also argues that the trial court erred in denying her motion for summary judgment. This enumeration of error fails, because "[a]fter verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case."[8]

3. Appellant argues that the findings of fact set forth in the trial court's order differ from those in the transcript and result from an unconstitutional, out-of-court, ex parte "reconsideration" between Mooney's attorney and the judge. This assertion is belied by the record, which shows that the findings of fact stated in the order are the same as those stated by the superior court on the record at the hearing.

---

[5] OCGA § 19-12-4.

[6] *Diamond v. American Family Corp.*, 186 Ga. App. 681, 682 (1) (368 SE2d 350) (1988).

[7] See *In the Interest of C. T.*, 197 Ga. App. 300 (1) (398 SE2d 286) (1990).

[8] (Citation and punctuation omitted.) *Kicklighter v. Woodward*, 267 Ga. 157, 162 (4) (476 SE2d 248) (1996).

4. Finally, appellant challenges the reasonableness and appropriateness of the award of $2,500 in attorney fees. Because the trial court's judgment does not specify the statutory basis for the award and there was no testimony as to the reasonableness of the fees, the award must be vacated and remanded for an evidentiary hearing on the issue, followed by a judgment explaining the statutory basis for the award.

(a) *Appropriateness of the award.* "Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract."[9] In the case at bar, Mooney filed two objections to appellant's amended petitions, requesting court costs and attorney fees in each pleading without specifying the statutory basis therefor. The first objection alleged that appellant's conduct in seeking the name change was "frivolous and an obvious attempt to use the [name change] statute for wrongful personal pursuits for which attorney's fees should be awarded." The second objection similarly asserted that appellant's petitions were frivolous. OCGA § 9-15-14 (b) authorizes a court to assess "reasonable and necessary" attorney fees if it finds that a party "brought or defended an action, or any part thereof, that lacked substantial justification or . . . was interposed for delay or harassment, or if it finds that . . . [a] party unnecessarily expanded the proceeding by other improper conduct." The statute defines "lacked substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious."

At the hearing, Mooney's counsel described the "two-inch thick record of pleadings, objections . . . notices to produce, interrogatories, [and] subpoenas" to which Mooney responded with objections or motions to quash. Counsel requested expenses of litigation based on the "frivolous and abusive" process to which Mooney had been subjected. In her notice of appeal, appellant directed that the discovery, as well as her original petition and first two amended petitions, be omitted from the record.

In its order, the trial court found that Serpentfoot's request for a name change was based on "improper motives" and was made for "improper purposes" which would harm Mooney. As to the basis for the award of attorney fees, however, the court did not specify the statute upon which it relied. Rather, the court found that appellant "has been unreasonably and stubbornly litigious and has been frivolous in her conduct in these proceedings." OCGA § 13-6-11 permits an award of attorney fees where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary

---

[9] (Citation omitted.) *Moon v. Moon*, 277 Ga. 375, 379 (6) (589 SE2d 76) (2003).

trouble and expense, but as a general rule, only a plaintiff may recover attorney fees under this Code section.[10]

A trial court's award of fees under OCGA § 9-15-14 (b) is discretionary, and the standard of review on appeal is abuse of discretion.[11] When a trial court decides in its discretion to award attorney fees, however, the order must contain "express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it."[12] In this case, the trial court's order does not contain such required elements, and "the issue of attorney fees must be remanded for an explanation of the statutory basis for the award and any findings necessary to support it."[13]

(b) *Reasonableness of the award.* Appellant contends that there is insufficient evidence to support the finding that the award was reasonable. We are constrained to agree. In order to recover attorney fees, a prevailing party must prove both their actual cost and their reasonableness.[14] "An award of attorney fees is unauthorized if [Mooney] failed to prove the actual costs of the attorney and the reasonableness of those costs."[15] In the case at bar, although counsel stated in his place the amount of the fees paid by Mooney, the hourly billing rate used to calculate those fees, and the fact that the time was expended to answer four petitions and discovery, counsel did not state the number of hours worked on the case or that the fees incurred were reasonable.[16] We thus vacate that portion of the judgment awarding Mooney $2,500 in attorney fees and remand the case to the trial court to hold an evidentiary hearing on the amount of the fees, followed by the entry of a judgment in accordance with this opinion.

*Judgment affirmed in part and vacated in part, and case remanded. Johnson, P. J., and Phipps, J., concur.*

---

[10] *Williamson v. Harvey Smith, Inc.*, 246 Ga. App. 745, 751 (8) (542 SE2d 151) (2000).

[11] *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723) (1993).

[12] (Citations and punctuation omitted.) *Hall v. Monroe County*, 271 Ga. App. 895, 897 (2) (611 SE2d 120) (2005). See also *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006) ("An order awarding attorney fees under OCGA § 9-15-14 must include findings of conduct that authorize the award") (citation omitted).

[13] *Cason*, supra.

[14] See *Santora v. American Combustion*, 225 Ga. App. 771, 774 (2) (485 SE2d 34) (1997).

[15] (Punctuation and footnote omitted.) *Gray v. King*, 270 Ga. App. 855, 858 (2) (b) (608 SE2d 320) (2004).

[16] See *Kwickie/Flash Foods v. Lakeside Petroleum*, 256 Ga. App. 556, 558 (2) (568 SE2d 816) (2002) (judgment for attorney fees vacated because no testimony was offered as to the reasonableness of the fees); compare *Campbell v. Beak*, 256 Ga. App. 493, 498 (5) (568 SE2d 801) (2002) (attorney stated his hours and testified that his fees were reasonable).

DECIDED APRIL 3, 2007 —
RECONSIDERATION DENIED MAY 10, 2007 — 

Serpentfoot, *pro se.*

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert L. Berry, Jr., Kristy L. Cordle*, for appellee.