A07A2407. IN RE SCOTT.
(654 SE2d 221)

MIKELL, Judge.

Zehrah Victoria Scott ("Zehrah"), by her next friend and mother, Harriette Simmons Scott ("Scott"), appeals the order denying her petition to change her name. We vacate the order and remand the case for the trial court to hold a hearing and enter a new order, taking into account the best interest of the child. The relevant facts follow.

The petition shows that Zehrah was born on May 5, 1992; that her natural father, Morris McCoy, Sr., died on January 16, 1998; that Scott is the child's sole custodian; that Scott wishes to have the child's surname changed to McCoy because that is the child's father's name; and that the petition is not filed with the intent of defrauding another

---

of any right under the law.[1] Notice of the petition was duly published in the official legal organ of DeKalb County. In addition, Scott submitted an affidavit in which she explained that McCoy refused to sign Zehrah's birth certificate because, although Scott and McCoy were married when Zehrah was born, they "were upset with each other," so Zehrah was given Scott's surname; that Scott and McCoy later reconciled but then divorced in 1997; that McCoy died in 1998 and Zehrah has been receiving social security survivor's benefits since his death; and that Zehrah has an older brother, Morris McCoy, Jr., and she would like to have the same last name as her brother. Zehrah wrote a note to the judge, expressing her desire to be recognized as a McCoy. The note, and Zehrah's birth certificate, were attached as exhibits to the affidavit. This evidence was filed with the court on May 18, 2007, and the petition was denied on the same day.

In its order, the court stated that it was "not satisfied as to the evidence of the identity of the biological father of the child or that this name change is being done for a proper and legal purpose." Scott appeals, arguing that the court abused its discretion in denying the petition and erred in failing to give her an opportunity to be heard prior to deciding the matter.

"Whether a judge of the superior court shall grant or refuse a proper application for a change in name, . . . *after a hearing*, involves the exercise of a sound legal discretion."[2] We agree with Scott that the superior court erred in failing, at the least, to permit her an opportunity for a hearing. The right to be heard has been granted to the petitioner by statute. OCGA § 19-12-1 (f) (3) provides, in pertinent part, that if all the procedural requirements are met for changing the name of a minor child, and "no objection is filed, *the court shall proceed at chambers* at such date as the court shall fix *to hear and determine all matters raised by the petition* and to render final judgment or decree thereon."[3] Therefore, we vacate the order denying the petition and remand the case for a hearing. At the hearing, Scott, as the petitioner, shall have the burden of proof as to all issues arising under OCGA § 19-12-1.[4] The court shall take into account the best interest of the child, as shown by the evidence.[5]

---

[1] See OCGA § 19-12-1 (a).

[2] (Punctuation and footnote omitted; emphasis supplied.) *In re Serpentfoot*, 285 Ga. App. 325, 326 (1) (646 SE2d 267) (2007). See also *In re Mullinix*, 152 Ga. App. 215 (262 SE2d 540) (1979); *Johnson v. Coggins*, 124 Ga. App. 603, 604 (184 SE2d 696) (1971); *Binford v. Reid*, 83 Ga. App. 280 (63 SE2d 345) (1951).

[3] (Emphasis supplied.)

[4] *Tolbert v. Tolbert*, 131 Ga. App. 388, 390 (206 SE2d 63) (1974).

[5] *Fulghum v. Paul*, 229 Ga. 463, 464 (192 SE2d 376) (1972); *Johnson*, supra.

*Judgment vacated and case remanded with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 9, 2007.

*William F. C. Skinner, Jr.,* for appellant.