A09A1497. IN RE McCAIN ANTONIO CANDELARIA.
(684 SE2d 421)

DOYLE, Judge.

Petitioner Wendy Cyr appeals from the denial of her request to change the name of her son, McCain Antonio Candelaria to McCain Antonio Cyr. For the reasons that follow, we affirm.

In the petition for name change, Cyr explained that she was a single mother raising her son "with little to no help from his biological father" and the fact that her son had a different surname from her own was "inconvenient, confusing, and embarrassing at school and other daily functions." Cyr did not name a respondent on the petition, stating "N/A No Legitimation." Prior to the name change hearing, Cyr served a copy of the petition on Marcos Candelaria. Thereafter, Marcos Candelaria filed an objection to the name change petition, claiming that he had "been in [his] son's life"

---

and that he had made support payments in the past and paid for the child's insurance.

After a hearing, which was not transcribed, a Fulton County magistrate judge issued an order denying the name change because he found that Marcos Candelaria was "the biological father of the minor child, McCain Antonio Candelaria," that Marcos had "supported the child regularly since his birth," and that Marcos did "not consent to a name change."

On appeal, Cyr contends that the trial court erred in denying her petition based on the finding that McCain's biological father had objected to the change because OCGA § 19-12-1 (c) requires the consent of one or both parents, which is based on a legal definition and not biology. Cyr does not dispute that Marcos Candelaria is McCain's biological father.

"The action of a superior court in granting or refusing a proper application to change the name of a person is based solely on a sound legal discretion."[1] OCGA § 19-12-1 (c) states that

> [i]f the petition seeks to change the name of a minor child, the written consent of his parent or parents if they are living and have not abandoned the child, or the written consent of the child's guardian if both parents are dead or have abandoned the child, shall be filed with the petition, except that the written consent of a parent shall not be required if the parent has not contributed to the support of the child for a continuous period of five years or more immediately preceding the filing of the petition.

Regardless of whether Marcos Candelaria is McCain's parent within the meaning of the statute, nothing in OCGA § 19-12-1 limits objections to a minor child's name change petition solely to legal parents or guardians, and thus, we cannot say that the trial court abused its discretion by entertaining Marcos Candelaria's objection at the hearing or by denying the application because of the objection. As the undisputed biological father, Marcos was "an interested or affected party" who timely objected to the petition, and the fact that his consent as a parent may or may not have been required in order for the petition to be granted does not mean that the trial court was precluded from denying the petition based on his objection.[2]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[1] (Punctuation omitted.) *In re Mullinix*, 152 Ga. App. 215 (262 SE2d 540) (1979).

[2] See OCGA § 19-12-2; *In re Serpentfoot*, 285 Ga. App. 325, 326-327 (1) (646 SE2d 267) (2007); *Brown v. Waters*, 208 Ga. App. 866 (432 SE2d 817) (1993).

*Moore, Ingram, Johnson & Steele, Marc E. Sirotkin*, for appellant.

Marcos Candelaria, *pro se.*