**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 20, 2017**

# In the Court of Appeals of Georgia

A16A1770. IN RE FELDHAUS.
A17A0041. IN RE BAUMERT.

BRANCH, Judge.

In July 2015, the person formerly known as Rebecca Elizabeth Feldhaus brought the instant petition seeking a change of name to "Rowan Elijah Feldhaus." In January 2016, the person formerly known as Delphine Renee Baumert filed a petition seeking a change of name to "Andrew Norman Baumert." After separate hearings, the Columbia County trial court denied both petitions on grounds including that both name changes would "confuse and mislead" the public and amounted to "a type of fraud." On these consolidated appeals, Feldhaus and Baumert argue that in the absence of any evidence that they were seeking to change their names for fraudulent

or other improper purposes, the trial court abused its discretion when it denied their petitions. We agree and reverse in both cases.

"[W]hether a judge of the superior court shall grant or refuse a proper application for a change in name, upon objection and after a hearing, involves the exercise of a sound legal discretion." *Johnson v. Coggins*, 124 Ga. App. 603, 604 (184 SE2d 696) (1971). We thus review a trial court's decision on a petition for name change only for an abuse of discretion. Id.

The material facts are not in dispute. Both appellants brought their petitions for name change under OCGA § 19-12-1 (a), which provides that any person seeking to change his or her name, or the name of the petitioner's child, "may present a petition to the superior court of the county of his residence, setting forth fully and particularly the reasons why the change is asked, which petition shall be verified by the petitioner." Feldhaus's verified petition requested a change of name to "Rowan Elijah Feldhaus," and included an affidavit that Feldhaus is known as such by family, peers, and coworkers. At the hearing, Feldhaus testified that there was no intent of defrauding creditors by means of the name change. Baumert's verified petition requested a change of name to "Andrew Norman Baumert," and evidence at the hearing showed that Baumert is known as "Andrew" or "Andy" by family and peers.

2

As the trial court later noted, there was no evidence before it that Baumert's petition was filed for the purposes of defrauding anyone.

Although Feldhaus's petition was unopposed, the trial court found that by "claiming to be a person of the opposite gender" from his or her birth gender, a transgender person "presents problems for the person and the general public" in that his or her assumed name could "confuse and mislead . . . emergency personnel, actuaries, insurance underwriters, and other businesses and relationships where the sex of an individual is relevant." The court added that "third parties should not have to contend with the quandary, predicament and dilemma of a person who presents as a male, but who has an obviously female name[.]" The court also distinguished between Feldhaus's proposed first name, "Rowan," which it found to be "gender neutral," and "Elijah," which it found not to be gender neutral. The court then concluded that "[n]ame changes which allow a person to assume the role of a person of the opposite sex are, in effect, a type of fraud on the general public" and that such changes "offend the sensibilities and mores of a substantial portion of the citizens of this state." It therefore denied Feldhaus's petition.

Although Baumert's petition was also unopposed, the trial court entered an order finding that a transgender person who "claim[s] to be a person of the opposite

3

gender" from their biological gender "presents problems for the person and the general public." The court noted that "third parties should not have to contend with the quandary, predicament, and dilemma of a person who presents as a male, but who has an obviously female name, and vice versa," and that Baumert had rejected the court's offer of a "gender-neutral" name. The court then repeated that "name changes which allow a person to assume the role of a person of the opposite sex are, in effect, a type of fraud on the general public" and that such changes "offend the sensibilities and mores of a substantial portion of the citizens of this state." The court therefore denied Baumert's petition.

1. Feldhaus and Baumert argue that the trial court abused its discretion in denying their petitions in the absence of any evidence that they had any fraudulent purpose in seeking a name change. We agree.

OCGA § 19-12-1 et seq. establishes the procedure by which a person may change his or her name, including the filing of a petition and notice by publication. OCGA § 19-12-4 further provides that "[n]othing contained in this chapter shall authorize any person to change his name with a view to deprive another fraudulently of any right under the law." The Supreme Court of Georgia has long held, moreover, that "in the absence of a statute or judicial adjudication to the contrary, there is

4

nothing in the law prohibiting a person from taking or assuming another name, so long as he does not assume a name for the purpose of defrauding other persons through a mistake of identity." *Fulghum v. Paul*, 229 Ga. 463, 463 (192 SE2d 376) (1972) (citation and punctuation omitted). In the case of *In re Mullinax*, 152 Ga. App. 215 (262 SE2d 540) (1979), for example, a married woman petitioned the trial court to restore her maiden name, and the trial judge denied the petition on the basis of his "belief" that the result of a mother and her children "bearing different surnames" would be that the child would be "necessarily confused and embarrassed." Id. at 215. Our opinion noted, however, that there was "no evidence that the change [was] intended to defraud anyone." Id. at 215. We then held, consistent with the statutory scheme, that a trial court's conclusions about any person's "confusion" or "embarrassment" was "not a valid basis for denying" a petition for a name change. Id. We noted further that "[n]o objections were made at the hearing to the proposed change." Id. Accordingly, the proper result was to remand the case "with direction to enter an order granting appellant's petition." Id. We have affirmed the denial of a petition for a name change only when some evidence at the hearing on the petition showed that the petitioner was acting under an "improper motive," such as intentionally assuming another person's name for the purpose of embarrassing that

person or avoiding the petitioner's own criminal past. See, e.g., *In re Serpentfoot*, 285 Ga. App. 325, 327 (1) (646 SE2d 267) (2007) (affirming denial of petition to change name when some evidence showed that petitioner had an "improper motive" in seeking to change her name to that of a local newspaper publisher whose newspaper had published unflattering news stories about the petitioner); *In re Redding*, 218 Ga. App. 376 (461 SE2d 558) (1995) (affirming denial of petition to change name when some evidence showed that petitioner's purpose in seeking the change was "to conceal his true identity and to disassociate himself [from] his criminal past") (citation omitted).

Here, Feldhaus and Baumert followed the procedure for name change laid out in OCGA § 19-12-1. There was no evidence before the trial court to authorize a conclusion that either of them were acting with any improper motive against any specific person. OCGA § 19-12-4; *Fulghum*, 229 Ga. at 463. Further, no objections were raised at the hearings on the petitions. *Mullinax*, 152 Ga. App. at 215. It follows that the trial court abused its discretion when it denied these petitions. The trial court's orders are therefore reversed, and the court is directed on remand to enter an order changing petitioners' names to "Rowan Elijah Feldhaus" and "Andrew Norman Baumert" respectively.

6

2. In light of our decision in Division 1, we need not address petitioners' assertions as to the unconstitutionality of the trial court's orders.

*Judgments reversed and cases remanded with direction. Ellington, P. J., and Mercier, J., concur.*