300 Ga. 622
FINAL COPY

S16F1670. DENNEY v. DENNEY.

BOGGS, Justice.

This appeal arises from a trial court order determining that appellant George Russell Denney (Father) is the legal and biological father of minor child M. S. G., and ordering the state registrar to issue a new birth certificate for the child listing Father's name. This Court granted Father's discretionary application to address whether the court erred in ruling that it was without authority to correct the child's surname. We agree with Father that the court erred in its conclusion, albeit for a reason other than that urged by Father, and therefore vacate the judgment in part and remand this case with direction.

The pertinent facts are as follows: Father and Mother, Lindsay K. Godfrey Denney, were married on August 21, 2010, but separated six days later. Mother filed a complaint for divorce on December 28, 2010, and an amended complaint on March 28, 2011. The minor child was born on February 22, 2011.[1] Mother

---

[1] On January 28, 2011, Father filed a registration form with the putative father registry claiming paternity of the child.

did not list Father on the birth certificate and listed the child's surname as "Godfrey," Mother's maiden name. On April 6, 2011, Mother served Father with her complaint for divorce. Father answered and counterclaimed for divorce.

The parties made several attempts at mediation, and finally on July 7, 2015, reached a settlement agreement, but reserved "the issue of the name change of the minor child." On the same day, the trial court entered a "Final Judgment & Decree of Divorce" incorporating the settlement agreement, ruled that the child's surname is Godfrey, but reserved for a separate order the "matter of adding the father's name to the birth certificate."

On July 24, 2015, the trial court issued an order finding that "[p]ursuant to OCGA § 31-10-9 (c) (1) the child's birth certificate was issued in error," that Father is the "legal and biological father of the child as designated by OCGA § 31-10-9 (c) (3),"[2] and "that name of the child was not in error and this Court is

---

[2] It appears from the trial court's order that its reference to subsection (c) of OCGA § 31-10-9 rather than subsection (e) is a scrivener's error. OCGA § 31-10-9 (e) (1) provides:
> The name of the natural father or putative father shall be entered on the certificate of live birth as follows: . . . If the mother was married either at the time of conception or at the time of birth, the name of the husband shall be entered on the certificate as the father of the child unless paternity has been determined otherwise by a court having jurisdiction, in which case the name of the father as determined by the court shall be entered[.]

Paragraph (3) of OCGA § 31-10-9 (e) provides that "[i]n any case in which paternity of a

without legal authority to change the name of the minor child as the parties have not consented to the name change as required by OCGA § 19-12-1 (c)." Father appeals from the trial court's subsequent denial of his motion for new trial and to set aside.

Father argues on appeal that pursuant to OCGA § 31-10-9 (e) (5),[3] the child's surname should be changed to the designated surname selected by Mother when she applied for a marriage license. But neither the procedure prescribed by the name change statute, OCGA § 19-12-1, nor subsection (e) (5) of OCGA § 31-10-9 is applicable here.

The trial court's determination that Father is the legal and biological father of the child is a determination by a court of competent jurisdiction of paternity, triggering both OCGA § 31-10-9 (e) (1) and OCGA § 31-10-9 (e) (3), the latter

child is determined by a court of competent jurisdiction, the name of the father and the surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court[.]"

[3] This subsection provides:
        The name of the natural father or putative father shall be entered on the certificate of live birth as follows: . . . (5) Except as provided in paragraph (3) of this subsection, in all other cases, the surname of the child shall be the legal surname of the mother at the time of the birth entered on the certificate as designated by the mother. When a paternity acknowledgment is completed, the surname of the child shall be entered as designated by both parents.

3

of which speaks to the child's surname: "the surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court[.]" OCGA § 31-10-9 (e) (3). Therefore, under the plain language of this subsection, the court had authority to make a finding with regard to the child's surname upon determining the paternity of the child. Cf. Dept. of Human Resources v. Fleeman, 263 Ga. 756, 758 (2) (b) (439 SE2d 474) (1994) (concluding that under OCGA § 19-11-3 (5), a judicial proceeding in which paternity has been established includes "one in which the paternity was clearly raised and litigated by the parties, and determined by the finder of fact").

Although we have found no authority in Georgia providing the standard by which the court is to make a finding with regard to the child's surname, other jurisdictions applying a similarly worded statutory provision have held the trial court should, within its discretion, determine what surname would be in the best interest of the child. See Mathews v. Oglesby, 952 SW2d 684 (Ark. App. 1997), applying Ark. Code Ann. § 20-18-401 (f) (3) (under provision applying to circumstances where mother was married at conception or birth or between conception and birth, Code section provides: "In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father

4

and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court."); Hazel v. Wells, 918 SW2d 742, 744-745 (Ky. App. 1996), applying former KRS § 213.046 (8) (c) (under provision applying to circumstances where mother not married or marital relationship interrupted for more than ten months, Code section provides: "In any case in which paternity of a child is determined by a court order, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court.").[4] And this Court and the Court of Appeals have held that with regard to the name change of a minor child pursuant to OCGA § 19-12-1, the trial court should consider the best interest of the child. See, e.g., Fulghum v. Paul, 229 Ga. 463, 464 (192 SE2d 376) (1972) (decided under Ga. Code Ann. § 79-501, which did not require written consent of parents; following her divorce from father, mother's petition granted to change minor's

---

[4] In evaluating the best interest of the child, other courts consider, among other things, whether the surname of the child is different from the surname of the child's custodial parent, the child's preference (if the child is old enough to express a preference), the effect of a surname change on the development of the child's relationship with each parent, and the motivation of the parties. See State ex rel. Lalley v. Whitt, 2003 Nev. App. LEXIS 144, slip op. at 16 (May 27, 2003); Huffman v. Fisher, 987 SW2d 269, 274 (Ark. 1999); Hazel, supra, 918 SW2d at 745.

5

surname to stepfather's surname);[5] <u>Riggins v. Stirgus</u>, 319 Ga. App. 790 (738 SE2d 635) (2013) (minor child given mother's maiden name; father's petition granted to change surname following legitimation of child); <u>In re Scott</u>, 288 Ga. App. 374, 375 (654 SE2d 221) (2007) (same); <u>Carden v. Warren</u>, 269 Ga. App. 275, 277 (2) (a) (603 SE2d 769) (2004) (same; in legitimation proceeding, court abuses its discretion by ignoring best interest of the child in deciding whether to grant request for name change of child); <u>Johnson v. Coggins</u>, 124 Ga. App. 603, 604 (184 SE2d 696) (1971) (decided under Ga. Code Ann. § 79-501 et seq.; following her divorce from father, mother's petition granted to change minor's surname to surname mother shared with stepfather).

---

[5] We note that in <u>Fulghum</u>, this Court held:

It is merely a custom of persons to bear the name of their parents. Hence, in the absence of a statute or judicial adjudication to the contrary, there is nothing in the law prohibiting a person from taking or assuming another name, so long as he does not assume a name for the purpose of defrauding other persons through a mistake of identity. Accordingly, we conclude that no one has a property right in another's name including the parent of a minor child . . . . Some courts recognize that a father has a protectible interest in having his child bear the parental surname in accordance with the usual custom, even though the mother may have been awarded custody of the child. However, this "protectible interest" is not a property right which comes within the meaning of the due process clauses of the State and Federal Constitutions. In our opinion such interest necessarily is taken into consideration by the trial court in acting upon the proposed name change and in carrying out its duty of acting in the best interests of the child as parens patriae.

(Citations and punctuation omitted.) 229 Ga. at 463-464.

Consistent with this authority, we hold here that the trial court should consider the best interest of the child when making a finding with regard to a minor child's surname pursuant to OCGA § 31-10-9 (e) (3).

Because the trial court erred in concluding it had no authority to make a finding with regard to the child's surname, we vacate the court's order in part and remand this case for further proceedings consistent with this opinion.

Judgment vacated in part and case remanded with direction. All the Justices concur.

Decided February 27, 2017.

Domestic relations. Cherokee Superior Court. Before Judge Harris.

Eric A. Ballinger, for appellant.

George W. Weaver, for appellee.